# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD CROWDER, et al., | No. 4:22-cv-00237-HSG |
| Plaintiffs, | Hon. Haywood S. Gilliam, Jr. |
| v. | |
| LINKEDIN CORPORATION, | |
| Defendant. | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

THIS STIPULATION AND AGREEMENT OF SETTLEMENT is made and entered into by and between Plaintiffs Todd Crowder, Kevin Schulte, and Garrick Vance (collectively "Plaintiffs"), individually and on behalf of the other members of the Settlement Class,[1] and Defendant LinkedIn Corporation ("LinkedIn" or "Defendant") and embodies the terms and conditions of the settlement of the above-captioned Action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Released Claims against LinkedIn and the other Released Defendant Persons.

WHEREAS, Plaintiffs are prosecuting claims in the Action against LinkedIn on their own behalf and on behalf of a proposed class;

WHEREAS, Plaintiffs, on behalf of themselves and as representatives of the proposed class, allege they have been and will continue to be injured as a result of LinkedIn's purported monopolization of the alleged professional social networking market in violation of Section 2 of the Sherman Act (15 U.S.C. § 2), as set out in the First Amended Class Action Complaint filed on April 5, 2023 (ECF No. 65 );

WHEREAS, LinkedIn denies Plaintiffs' allegations, denies any and all alleged wrongdoing in connection with the facts and claims that have been or could have been alleged against it in the Action, asserts that the claims lack merit, asserts that it has many valid defenses to them, and denies any loss or damage to Plaintiffs;

WHEREAS, counsel for the Parties have engaged in arm's-length negotiations on the terms of this Settlement with the assistance of Gregory P. Lindstrom of Phillips ADR Enterprises, who

---

[1]    All capitalized words and terms that are not otherwise defined in text have the meaning ascribed to them below in the section titled "Definitions."

has extensive experience as an antitrust litigator, trial attorney, and mediator, including antitrust class actions;

WHEREAS, after arm's-length negotiations supervised by and conducted through Mr. Lindstrom, the Parties agreed to resolve the Action, subject to the Court's approval, as set forth herein;

WHEREAS, Plaintiffs, through their counsel, investigated the facts and law regarding the Action and have concluded that resolving the claims against LinkedIn, according to the terms set forth below, is in the best interests of Plaintiffs and the Settlement Class given the value of the injunctive relief that LinkedIn has agreed to undertake pursuant to this Stipulation;

WHEREAS, LinkedIn, despite its belief that the Action lacks merit and its belief that it has meritorious defenses to all claims asserted therein, has nevertheless agreed to enter into this Settlement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against LinkedIn, as more particularly set out below;

WHEREAS, the Parties wish to preserve all arguments, defenses, and responses to all claims in the Action, including any arguments, defenses, and responses to any litigation class proposed by Plaintiffs in the event this Settlement does not obtain final approval;

WHEREAS, the Parties have had a full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of this Stipulation and have not relied on any representations (or the lack thereof) made by any other Party concerning the facts and circumstances leading to this Stipulation;

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, it is agreed by and among the Parties that the Plaintiffs' Released Claims and the Settlement Class Members' Released Claims be settled, compromised, and dismissed on the merits with prejudice as to LinkedIn and the Released Defendant Persons, subject to Court approval pursuant to Fed. R. Civ. P. 23(e), on and subject to the terms and conditions set forth below.

1.    **DEFINITIONS**

As used in this Stipulation and any exhibits made a part hereof, the following terms shall have the meanings specified below:

1.1.    "Action" means *Crowder et. al. v. LinkedIn Corp.*, 4:22-cv-00237-HSG (N.D. Cal.).

1.2.    "API" means an Application Programming Interface.

1.3    "API Agreement" means those negotiated agreements or contracts at issue in this Action that are between LinkedIn and third parties and memorialize and specify the conditions under which LinkedIn permits a third party to access LinkedIn's proprietary data and/or platform.

1.4    "Attorney's Fees and Expenses" means any fees and expenses approved by the Court for payment to counsel who have represented Plaintiffs and the Settlement Class, including such counsel's attorney's fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice Costs).

1.5    "Co-Lead Counsel" means the law firms of Bathaee Dunne LLP and Burke LLP.

1.6    "Complaint" means the First Amended Class Action Complaint filed on April 5, 2023 (ECF No. 65).

1.7    "Court" means the United States District Court for the Northern District of California and the Honorable Haywood S. Gilliam, Jr.

1.8    "Effective Date" with respect to the Settlement means the first business day following occurrence of all the events and conditions specified in ¶ 11.1.

1.9    "Execution Date" means the latest date of the execution of this Agreement by all Parties.

1.10    "Fairness Hearing" means the hearing scheduled by the Court to determine whether (a) the Settlement is fair, reasonable, and adequate; and (b) Plaintiffs' request for an award of Attorney's Fees and Expenses, including any Service Awards to Plaintiffs, is reasonable.

1.11    "Final" means an order or Judgment of the Court that has reached the point when: (a) there is no pending stay, motion for reconsideration, motion for rehearing, motion to vacate, appeal, petition for writ of certiorari or similar request for relief; (b) if no appeal or petition for review is filed, the day following the expiration of the time to appeal or petition for review; or (c) if there is an appeal or review, the day after such order or Judgment is affirmed or the appeal or review is dismissed or denied, and such order or Judgment is no longer subject to further judicial review, including upon appeal or review by writ of certiorari.

1.12    "Judgment" means the proposed judgment to be entered approving the Settlement and dismissing with prejudice the claim brought against the Defendant, substantially in the form attached hereto as Exhibit B.

1.13    "LinkedIn" or "Defendant" means Defendant LinkedIn Corporation.

1.14    "LinkedIn's Counsel" means Dechert LLP and Perkins Coie LLP.

1.15    "LinkedIn Premium" means the following services, products, or upgraded account features provided by LinkedIn to its members or customers in exchange for an online subscription fee: LinkedIn Premium Career, LinkedIn Premium Business, LinkedIn Sales Navigator, LinkedIn Recruiter Lite, LinkedIn Learning, and Company Pages.

4

1.16    "Non-Use of LinkedIn API Provision" means any provision in an API Agreement that expressly restricts a partner from using LinkedIn APIs or associated LinkedIn data or content in an application that competes against LinkedIn's primary lines of business.  For the sake of clarity, a Non-Use of LinkedIn API Provision contains language that is materially similar to the following, which is included here as an example only: "In addition to the other terms and conditions contained herein, Partner agrees not to do the following, absent LinkedIn's express written consent otherwise: . . .  Use any LinkedIn API or Content in any Application that competes with products or services offered by LinkedIn."

1.17    "Notice" means the Notice of Proposed Class Action Settlement, which is to be provided to members of the Settlement Class.

1.18    "Notice Administrator" means the company selected by Co-Lead Counsel and LinkedIn and appointed by the Court to disseminate Notice to the Settlement Class.

1.19    "Notice Costs" means the reasonable costs and expenses incurred in connection with providing notice to Settlement Class Members, including (as applicable) preparing, emailing, publishing, and/or otherwise disseminating the Notice and the Summary Notice.  All such Notice Costs shall be paid by LinkedIn.

1.20    "Parties" means the undersigned parties to this Stipulation.

1.21    "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, any representative, and, as applicable, his, her, or its respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

1.22    "Plaintiffs" means Todd Crowder, Kevin Schulte, and Garrick Vance.

1.23    "Plaintiffs' Released Claims" means any and all claims, counterclaims, demands, actions, potential actions, suits, and causes of action, losses, obligations, damages, matters, and issues of any kind or nature whatsoever, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorney's fees that the Plaintiffs ever had or now have against any of the Released Defendant Persons, whether arising under federal, state, local, common, or foreign law or regulation, whether known claims or Unknown Claims, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, accrued or unaccrued, matured or unmatured, disclosed or undisclosed, apparent or unapparent, liquidated or unliquidated, or claims that have been, could have been, or in the future might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates of the Action, including but not limited to LinkedIn's purported monopolization of an alleged professional social networking market. Plaintiffs' Released Claims shall not include any future claims relating to the enforcement of any terms of this Stipulation.

1.24    "Preliminary Approval Order" means an order issued by the Court preliminarily approving the Settlement and directing notice thereof to the Settlement Class.

1.25    "Proposed Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.26    "Related Persons," when used in reference to a Person, means (a) the Person; (b) for natural Persons, each of that Person's respective immediate family members and any trust which that Person is the settlor of or which is for the benefit of any such Person and/or the members of

6

his or her family, and, for non-natural persons, each of past, present, and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates, predecessors, and successors; and (c) for any of the entities or Persons listed at (a) or (b) above, their respective past, present, or future parents, subsidiaries and affiliates, and their respective directors, officers, managers, managing directors, partners, members, principals, employees, auditors, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such, and any entity in which the Person has a controlling interest.

1.27 "Released Defendant's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, or foreign law or regulation, by any of the Released Defendant Persons against Plaintiffs, any members of the Settlement Class, or any of their Related Persons, including any Co-Lead Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims. Released Defendant's Claims shall not include any future claims relating to the enforcement of any terms of this Stipulation. For the avoidance of doubt, the release in this paragraph is intended to cover only litigation conduct in this Action.

1.28 "Released Defendant Persons" means (a) LinkedIn; and (b) its Related Persons.

1.29 "Released Plaintiff Persons" means (a) Plaintiffs; and (b) each of their Related Persons.

1.30 "Released Settlement Class Persons" means (a) Settlement Class Members and (b) each of their Related Persons.

1.31    "Service Award" means any Court-approved monetary award to Plaintiffs for work done on behalf of the Settlement Class, to be paid by LinkedIn.

1.32    "Settlement" means the resolution of this Action as against LinkedIn and the Released Defendant Persons in accordance with the terms and provisions of this Stipulation.

1.33    "Settlement Class" means all persons, entities, and corporations in the United States who purchased LinkedIn Premium services online on LinkedIn.com or via a LinkedIn mobile application from the period beginning January 13, 2018, to the present and are current LinkedIn members.  Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.  In the event the Court should alter or modify the Settlement Class definition, such amended Settlement Class must be accepted in writing by the Parties.

1.34    "Settlement Class Member" means any Person who falls within the Settlement Class.

1.35    "Settlement Class Released Claims" means any and all claims, counterclaims, demands, actions, potential actions, suits, and causes of action, losses, obligations, damages, matters, and issues of any kind or nature whatsoever, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorney's fees that Settlement Class Members ever had or now have against any of the Released Defendant Persons, whether arising under federal, state, local, common, or foreign law or regulation, whether known claims or Unknown Claims, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, accrued or unaccrued, matured or unmatured, disclosed or undisclosed, apparent or unapparent, liquidated or unliquidated, or claims that have been, could have been, or in the future

might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates of the Action, including but not limited to LinkedIn's purported monopolization of an alleged professional social networking market.  Settlement Class Released Claims shall not include any future claims relating to the enforcement of any terms of this Stipulation.

1.36    "Stipulation" means this Stipulation and Agreement of Settlement.

1.37    "Summary Notice" means the Summary Notice of Proposed Class Action Settlement, which is to be provided to members of the Settlement Class.

1.38    "Unknown Claims" means (a) any Released Claims that a Plaintiff and/or Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement; and (b) any Released Defendant's Claims that LinkedIn does not know or suspect to exist in its favor at the time of the release of such claims, which if known by it might have affected its decision(s) with respect to the Settlement.  With respect to any and all Plaintiffs' Released Claims, Settlement Class Members' Released Claims, and Released Defendant's Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

**MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

The Parties may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Plaintiffs' Released Claims, Settlement Class Members' Released Claims or the Released Defendant's Claims, but the Parties shall expressly settle and release upon the Effective Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled and released any and all Plaintiffs' Released Claims, Settlement Class Members' Release Claims, and Released Defendant's Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs and Defendant acknowledge, and shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## 2.     SETTLEMENT CONSIDERATION

2.1     The parties agree that, for a period of three (3) years from the Settlement Effective Date, LinkedIn will not include the Non-Use of LinkedIn API Provision in any future API Agreement. To the extent that any current API Agreement contains the Non-Use of LinkedIn API Provision, LinkedIn agrees not to enforce such provisions against the counterparties to those agreements for a minimum of three (3) years from the Effective Date.

2.2     The parties agree that LinkedIn shall file an annual certification with the Court attesting that LinkedIn is in substantial compliance with the provisions of the Settlement

Agreement concerning the injunctive relief described in Section 2.1. For the avoidance of doubt, the first certification shall be due one (1) year after the Effective Date and the last certification shall be due three (3) years after the Effective Date.

## 3.    SCOPE AND EFFECT OF RELEASES

3.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (a) the claims asserted in the Action; (b) any and all Plaintiffs' Released Claims as against the Released Defendant Persons; (c) any and all Settlement Class Released Claims against Released Defendant Persons; and (d) any and all Released Defendant's Claims as against the Released Plaintiff Persons and Released Settlement Class Persons, as more fully set forth herein.

3.2    Upon the Effective Date, each Released Plaintiff Person shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Plaintiffs' Released Claims against each Released Defendant Person.

3.3    Upon the Effective Date, each Released Settlement Class Person shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Settlement Class Released Claims against each Released Defendant Person.

3.4    Upon the Effective Date, LinkedIn, and each of the Released Defendant Persons in their capacities as such shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendant's Claims against each Released Plaintiff Person and Released Settlement Class Person.

3.5     The releases provided in this Stipulation shall become effective immediately upon the occurrence of the Effective Date without the need for any further action, notice, condition, or event.

## 4.     CONFIDENTIALITY

4.1     The Parties must comply with all portions of the Interim Stipulated Protective Order (ECF No. 63), including but not limited to paragraph 13 thereof, which requires the return or destruction of Protected Material (as defined in the Protective Order) within sixty (60) days of the final disposition of the Action.

4.2     This Stipulation and its terms shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement (which will attach the Stipulation, to be filed publicly) is filed with the Court.  Before the filing of that motion, LinkedIn's Counsel and Co-Lead Counsel may disclose the Stipulation and its terms to their respective clients and experts as necessary for the implementation of this Stipulation, who will also maintain the complete confidentiality of this Stipulation and its terms, until all documents are executed and the motion for preliminary approval is filed with the Court.

## 5.     ISSUANCE OF NOTICE

5.1     The Notice Administrator shall (a) administer the issuance of notice to the Settlement Class in accordance with the terms of this Stipulation, the Preliminary Approval Order, and any other orders of the Court, and (b) otherwise provide such administration services as are customary in settlements of this type, subject to such supervision of Co-Lead Counsel and (as appropriate or as circumstances may require) the Court.  The Notice Administrator shall be retained subject to the condition that it agrees to be subject to the jurisdiction of the Court.

5.2     LinkedIn shall make good-faith efforts to provide the Notice Administrator with the names and email address for each potential Settlement Class Member.  The names and email

addresses of potential Settlement Class Members are personal information that shall be provided to the Notice Administrator confidentially and solely for the purpose of providing notice. The Notice Administrator shall execute the Stipulated Protective Order, treat all such information as Highly Confidential – Attorneys' Eyes Only information (as defined in the Protective Order), and take all reasonable steps to ensure that all such information is used solely for the purpose of administering notice of this Settlement.

5.3    The Notice Administrator will send a copy of the Summary Notice to the email address of each potential Settlement Class Member.

5.4    The Notice Administrator shall publish and make available for download the Notice on a website that the Notice Administrator shall establish and maintain to inform the Settlement Class Members of the terms of the Settlement, their rights, dates, deadlines, and related information ("Settlement Website"). The Settlement Website shall include without limitation this Stipulation, the Notice, the motion for preliminary settlement approval and supporting papers, the Fee and Expense Application and supporting papers, the Preliminary Approval Order, and other Court orders pertaining to the Settlement. A direct link to the Settlement Website shall be included in the Summary Notice.

5.5    The Notice Administrator shall endeavor to cause the Summary Notice to be disseminated by email by the twenty-eighth (28th) calendar day after entry of the Preliminary Approval Order. If, despite using best efforts, the Notice Administrator is unable to disseminate the Summary Notice by the twenty-eighth (28th) calendar day after entry of the Preliminary Approval Order, the Notice Administrator shall inform the Parties of the status of the notice and shall notify the Parties when the Summary Notice has been disseminated.

5.6     With the exception of notice required by the Court, any additional notice to the Settlement Class Members must be jointly approved by the Parties.

5.7     Notice Costs shall be paid by LinkedIn.  In no event shall Plaintiffs, Settlement Class Members, or Co-Lead Counsel be responsible to pay any amount for Notice Costs.

5.8     No later than ten (10) calendar days following the filing of this Stipulation with the Court, LinkedIn shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA").  LinkedIn shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice.  The Parties agree that any delay by LinkedIn in timely serving the CAFA notice will not provide grounds for delay of the Fairness Hearing or entry of the Judgment.

5.9     Plaintiffs and LinkedIn agree that the proposed Notice and Summary Notice to the Settlement Class will be in the form of Exhibit C and Exhibit D, respectively, which shall be subject to Court approval.

## 6.      THE FEE AND EXPENSE APPLICATION

6.1     Co-Lead Counsel will submit an application to the Court (the "Fee and Expense Application") for an award of Attorney's Fees and Expenses, including for (a) reasonable attorney's fees and (b) payment of litigation costs and expenses reasonably incurred in connection with the investigation, filing, prosecution, and settlement of the Action.  Pursuant to the Parties' agreement, reached with the assistance of Mr. Lindstrom, Co-Lead Counsel will apply for, and LinkedIn will not challenge, up to $4,000,000.00 in attorney's fees and $100,000.00 in costs and expenses.  The maximum amount of Attorney's Fees and Expenses to be sought will be disclosed in the Notice.  Any award of Attorney's Fees and Expenses will be paid by LinkedIn.

6.2     Any Attorney's Fees and Expenses awarded by the Court shall be payable by LinkedIn within fifteen (15) business days of an order awarding such amounts, notwithstanding

the existence of any objections thereto, or potential for appeal or collateral attack on the Settlement or any part thereof. However, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any Attorney's Fees and Expenses award is overturned or reduced, if the Settlement is terminated, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Settlement Class, then, within fifteen (15) business days after receiving notice from LinkedIn's Counsel of such an order from a court of appropriate jurisdiction, each Co-Lead Counsel law firm that has received any fees or expenses shall refund to LinkedIn such funds previously paid to it. Each law firm, as a condition of receiving a portion of the Attorney's Fees and Expenses award, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph.

6.3    The Released Defendant Persons and LinkedIn's Counsel shall have no responsibility for or liability with respect to any allocation of an award of Attorney's Fees and Expenses from LinkedIn.

6.4    It is agreed that the procedure for and the allowance or disallowance by the Court of any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify, or cancel this Stipulation or affect or delay its finality, and shall have no effect on the terms of this Stipulation or on the validity or enforceability of the terms of this Stipulation. The approval,

finality and effectiveness of this Stipulation of Settlement shall not be contingent on an award of Attorney's Fees and Expenses, or on any Service Awards to Plaintiffs.

## 7.    THE SERVICE AWARD APPLICATION

7.1    Co-Lead Counsel will submit an application to the Court (the "Service Award Application") for a Service Award of not more than $5,000 per Plaintiff for service undertaken on behalf of the Settlement Class in connection with the litigation of this Action. Any Service Award approved and ordered by the Court shall be made payable by LinkedIn to the Plaintiffs within fifteen (15) business days of the Effective Date.

## 8.    THE PRELIMINARY APPROVAL ORDER

8.1    The Parties agree to recommend approval of this Stipulation to the Court as fair and reasonable and to undertake their reasonable best efforts to obtain such approval. "Reasonable best efforts" includes that the Parties may not oppose any application for appellate review by one of the Parties in the event the Court denies preliminary or final approval. The Parties therefore agree that, within one month of the execution of this Stipulation (or later should the Parties mutually agree), the Co-Lead Counsel shall submit this Stipulation together with its exhibits to the Court, and Co-Lead Counsel shall apply for entry of a Preliminary Approval Order in connection with the settlement proceedings substantially in the form annexed hereto as Exhibit A (Proposed Preliminary Approval Order).

8.2    The Proposed Preliminary Approval Order shall provide for, among other things: (a) preliminary approval of the Settlement as set forth in this Stipulation; (b) the setting of deadlines for the distribution of the Notice and the Summary Notice; (c) the setting of deadlines for Settlement Class Members to submit objections to the proposed Settlement and/or the Fee and Expense Application; (d) the setting of the time, date and location for Fairness Hearing; (e) approval of the Parties' recommended Notice Administrator; and (f) approval of the form and

content of the Notice and the Summary Notice.  Before submission, LinkedIn shall have a reasonable opportunity to review and comment on the motion for preliminary approval, and Plaintiffs shall reasonably consider LinkedIn's comments.  LinkedIn agrees solely for the purposes of settlement that it will consent to, and shall not oppose, entry of the Proposed Preliminary Approval Order.

8.3    Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or to any aspect of the Fee and Expense Application, including the Service Award Application, must do so in the manner specified and within the deadlines specified in the Preliminary Approval Order and Notice.

8.4    Any Settlement Class Member who wishes to exclude themselves from this settlement ("opt-out"), must do so in the manner specified and within the deadlines specified in the Preliminary Approval Order and Notice.

## 9.    SETTLEMENT CLASS CERTIFICATION

9.1    Solely for purposes of this Settlement, the Parties stipulate and agree that the Settlement Class should be certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure; that Plaintiffs should be appointed as representatives of the Settlement Class; and that Co-Lead Counsel should be appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  If, for any reason, this Stipulation is not approved by the Court the certification and all the agreements contained herein shall be considered null and void, with the exception that the fact and terms of the Stipulation shall not be deemed or construed to be an admission by any Party or evidence of any kind in this Action.

9.2    The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement, and for no other purpose.  If for any reason the Effective Date does not occur, if the Settlement set forth in this Stipulation does not receive the Court's final

approval, if the Court's approval is reversed or vacated on appeal, if the Stipulation is terminated

as provided herein, or if the Settlement set forth in this Stipulation is not consummated for any

reason, the order certifying the Settlement Class for purposes of effectuating the Settlement (and

all preliminary and final findings regarding the class certification order) shall be automatically

vacated upon notice of the same Court.  This Action shall then proceed as though the Settlement

Class had never been certified pursuant to this Stipulation and such findings had never been made,

and the Action shall be returned to its procedural posture as determined by the Court, with

LinkedIn retaining all of its objections, arguments, and defenses, and all rights to contest class

certification.  If this Stipulation is not consummated, then neither this Stipulation nor any other

Settlement-related statement may be cited in support of an argument for certifying a class related

to this proceeding.

## 10.    THE JUDGMENT

10.1    Following the issuance of notice, Plaintiffs shall file with the Court a motion for

final approval of the Settlement and entry of a Judgment substantially in the form of Exhibit B

hereto.  Before submission, LinkedIn shall have a reasonable opportunity to review and comment

on the motion for final approval, and Plaintiffs shall reasonably consider LinkedIn's comments.

Should Plaintiffs so request, and solely for the purposes of settlement, LinkedIn shall join in

requesting final approval of the Settlement and entry of a Judgment substantially in the form of

Exhibit B hereto.

## 11.    EFFECTIVE DATE OF SETTLEMENT; TERMINATION

11.1    The Effective Date shall be the first business day after the date on which all of the

following events or conditions have been met or occurred:

(a)    the Court has entered a Preliminary Approval Order;

(b)     LinkedIn has not validly exercised its right (if applicable) to terminate the Settlement pursuant to ¶ 11.3, and its right (if applicable) to do so has expired in accordance with the terms of the Stipulation;

(c)     Plaintiffs have not validly exercised their right (if applicable) to terminate the Settlement pursuant to ¶¶ 11.3-11.4, and their option (if applicable) to do so has expired in accordance with the terms of the Stipulation; and

(d)     the Court has entered the Judgment, following issuance of Notice to the Settlement Class, that approves the Settlement, and such Judgment has become Final.

11.2    Upon the occurrence of all of the events referenced in ¶ 11.1, Plaintiffs and Released Settlement Class Persons shall have by operation of the Order and Final Judgment, fully, finally, and forever released, waived, settled, and discharged, the Released Defendant Persons from and with respect to the Plaintiffs' Released Claims and the Settlement Class Released Claims.

11.3    LinkedIn, or Plaintiffs, through their respective counsel, shall each, in their respective discretions have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel for the Parties within thirty (30) calendar days of:

(a)     the Court's Final refusal to enter the Proposed Preliminary Approval Order in any material respect;

(b)     the Court's Final refusal to approve this Stipulation or any material part of it (except with respect to any decision by the Court concerning the Fee and Expense Application);

(c)     the Court's Final refusal to enter the Judgment in any material respect; or

(d)     the date on which the Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court and such modification or reversal has become Final.

11.4    If LinkedIn (or its successor) does not pay or cause to be paid the Attorney's Fees and Expenses as ordered by the Court, and Service Awards as ordered by the Court, in full within the time periods specified in ¶¶7.1 and 8.1 of this Stipulation, then Plaintiffs, in their sole discretion, may, at any time prior to the Court entering the Judgment: (a) seek to enforce the terms of the Settlement and this Stipulation and seek entry of a judgment and/or order to effectuate and enforce the terms of this Stipulation; and/or (b) pursue such other rights as Plaintiffs and the Settlement Class may have arising out of the failure to timely pay the Attorney's Fees and Expenses as ordered by the Court and Service Awards as ordered by the Court.

11.5    Except as otherwise provided herein, in the event that the Settlement is terminated in accordance with its terms, the Judgment is vacated, or the Effective Date fails to occur, then (a) the Parties shall be deemed to have reverted to their respective statuses and positions in the Action as determined by the Court, and the fact and terms of the Stipulation shall not be deemed or construed to be an admission by any Party or evidence of any kind in this Action and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered.  Any actual and incurred Notice Costs shall not be repaid to LinkedIn.

## 12.    MISCELLANEOUS PROVISIONS

12.1    The Parties acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation.

12.2    The Parties agree that, to the best of their knowledge, information and belief, this Settlement Agreement is made in good faith and in accordance with the laws of the United States of

America and the State of California.  Subject to the limitations expressed herein, the Parties and their counsel shall use their best efforts to cause the Court to grant approval of this Settlement Agreement as promptly as practicable; to take all steps contemplated by this Settlement Agreement to effectuate the settlement on the stated terms and conditions; to cooperate in addressing any objections; and to obtain the Final Order and Judgment approving this Agreement.  The Parties and their counsel shall not encourage anyone directly or indirectly to object or opt out.  If the Court requires changes to the Settlement Agreement as a prerequisite to approval, the Parties shall negotiate in good faith regarding such changes.

12.3    Except as may be contrary to Rule 5.6 of the California Rules of Professional Conduct in the event that it impinges on the ability of the Parties' respective counsel to practice law and to fully and vigorously represent any present or future clients, Plaintiff, Defendant, and their counsel shall make no statements, including statements to the press or any other public statements, that disparage Plaintiffs or Defendant, or accuse any Party of any wrongdoing regarding this Settlement Agreement or Action.

12.4    The time periods and/or dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without notice to Class Members unless so ordered by the Court.

12.5    All time periods set forth herein shall be computed in calendar days unless otherwise specified.  If the date for performance of any act required by or under this Settlement Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

12.6    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall also retain jurisdiction for purposes of, inter alia, entering orders relating to the Fee and Expense Application, the Service Award Application, and the enforcement of the terms of this Stipulation.

12.7    The Parties agree that all of the terms of this Stipulation were negotiated at arm's length by experienced and competent legal counsel and in good faith by the Parties with the assistance of an experienced neutral, Gregory P. Lindstrom of Phillips ADR Enterprises, who has provided a declaration attesting to the process followed in and outcome of the mediation.

12.8    By executing this Stipulation, each of the Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority.

12.9    Each Party agrees that no representations, warranties, inducements, covenants, or promises of any kind or character have been made by any other Party, Released Plaintiff Person, Released Defendant Person, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation, and that this Stipulation and its exhibits, together with the Supplemental Agreement constitutes the entire agreement between the Parties.

12.10   Each Party represents and warrants that they have had the opportunity to be represented by counsel of their choice throughout the negotiations, which preceded the execution of this Stipulation, and in connection with the preparation and execution of this Stipulation, and that they have been afforded sufficient time and opportunity to review this Stipulation with counsel of their choice.

12.11    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

12.12    No amendment or modification of this Stipulation shall be effective unless in writing and signed by, or on behalf of, all of the Parties and approved by the Court.

12.13    Whenever this Stipulation requires or contemplates that a Defendant shall or may give notice to Plaintiffs (or Co-Lead Counsel), or that Plaintiffs shall or may give notice to LinkedIn (or LinkedIn's Counsel), unless otherwise specified such notice shall be provided by email and next business day express delivery service, as set forth below, to the below-listed counsel:

If to Plaintiffs or Co-Lead Counsel:

Yavar Bathaee
Andrew C. Wolinsky
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com

Brian J. Dunne
Edward M. Grauman
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (213) 462-2772
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com

Christopher M. Burke
Yifan (Kate) Lv
**BURKE LLP**
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 369-8244
cburke@burke.law
klv@burke.law

Carol O'Keefe
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
cokeefe@koreintillery.com

If to LinkedIn or LinkedIn's Counsel:

Sarah Wight
**LINKEDIN CORPORATION**
1000 W. Maude Avenue
Sunnyvale, CA 94085
legal@linkedin.com

Russell Cohen
**DECHERT LLP**
45 Fremont Street, Floor 26
San Francisco, CA 94105
Tel: (415) 262-4500
Russ.cohen@dechert.com

Julia Chapman
**DECHERT LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
Julia.chapman@dechert.com

12.14   Co-Lead Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms, and to enter into any written modifications or amendments to this Stipulation on behalf of the Settlement Class.

12.15   This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Parties.  No assignment shall relieve any Party hereto of any obligations hereunder.

12.16   This Stipulation and all exhibits hereto shall be governed by, construed, performed, and enforced in accordance with the laws of the State of California without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs.

12.17   Plaintiffs, on behalf of themselves and each Settlement Class Member, hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of the terms of this Stipulation.

12.18   The Parties acknowledge that each Party has participated jointly and equally in the negotiation and preparation of this Stipulation.  In the event an ambiguity or question of intent or interpretation arises, such ambiguity or question shall not be construed against any Party, and no presumption or burden of proof shall arise from favoring or disfavoring any Party solely by virtue of the authorship of any of the provisions of this Stipulation, and instead this Stipulation shall be construed as if each Party participated equally in the drafting of all such provisions.

12.19   The Parties agree not to assert in any forum that the Action was brought or litigated by Plaintiffs (or any other Settlement Class Member or their counsel, including Co-Lead Counsel), or defended by any Defendant (or any Person previously named as a defendant in this matter or their counsel), in bad faith or without a reasonable basis, and further agree not to assert in any forum that any Party or their counsel violated any provision of Rule 11 of the Federal Rules of Civil Procedure, or any other similar statute, rule, or law, relating to the commencement, prosecution, maintenance, defense, litigation or settlement of the Action.

12.20   The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have legal effect.

12.21   The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party of such breach, nor shall it be deemed a waiver of any other breach of this Stipulation, including any prior or subsequent breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Party or counsel for that Party.  No failure or delay on the part of any Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

12.22   All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have full authority to do so on behalf of their respective clients, and that they similarly have the authority to take all appropriate actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

12.23   This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts, and facsimile or scanned signatures shall have the same force and effect as original signatures, and the exchange of fully executed copies of this Stipulation may similarly be effectuated by emailed PDF to the email addresses shown below for the Parties' respective counsel.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

12.24   This Stipulation is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Stipulation and have relied on the advice and representation of legal counsel of their own choosing.

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 16, 2025.

On behalf of Plaintiffs:

_____
Yavar Bathaee
Andrew C. Wolinsky
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com

Brian J. Dunne
Edward M. Grauman
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (512) 575-8848
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com

Christopher M. Burke
Yifan (Kate) Lv
**BURKE LLP**
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 369-8244
cburke@burke.law
klv@burke.law

Carol O'Keefe
**KOREIN TILLERY LLC**
505 North 7th Street Suite 3600

On behalf of LinkedIn Corporation:

Signed by:
_Sarah Wight_
61F1C5BC88AF47D...
_____
Sarah Wight
**LINKEDIN CORPORATION**
1000 W. Maude Avenue
Sunnyvale, CA 94085
legal@linkedin.com

Russell Cohen
**DECHERT LLP**
45 Fremont Street, Floor 26
San Francisco, CA 94105
Tel: (415) 262-4500
Russ.cohen@dechert.com

Julia Chapman
**DECHERT LLP**
Circa Centre
2929 Arch Street
Philadelphia, PA 9104-2808
Tel: (215) 994-4000
Julia.chapman@dechert.com

St. Louis, MO 63101
Tel: (314) 241-4844
cokeefe@koreintillery.com

# EXHIBIT A

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

**KOREIN TILLERY P.C.**
Carol L. O'Keefe (*pro hac vice*)
cokeefe@koreintillery.com
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844

**BURKE LLP**
Christopher M. Burke (CA 214799)
cburke@burke.law
Yifan (Kate) Lv (CA 302704)
klv@burke.law
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 571-2253

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD CROWDER, et al., | Case No. 4:22-cv-00237-HSG |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| LINKEDIN CORPORATION, | Hon. Haywood S. Gilliam, Jr. |
| Defendant. | |

WHEREAS, (a) Plaintiffs Todd Crowder, Kevin Schulte, and Garrick Vance ("Plaintiffs") in the above-captioned class action (the "Action"), on behalf of themselves and the Settlement Class (as defined below) and (b) Defendant LinkedIn Corporation ("Defendant"), have entered into the Stipulation and Agreement of Settlement, dated as of June 16, 2025, (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the resolution, discharge, release, settlement, and dismissal of the Action and all claims set forth therein upon and subject to the terms and conditions hereof;

WHEREAS, Plaintiffs have applied for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure granting preliminary approval of the Settlement and directing notice to the Settlement Class;

WHEREAS, Plaintiffs have sought, and the Defendant has agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, this Court has read and considered the Stipulation, and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and found that substantial and sufficient grounds exist for entering this Order, and the Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

## I.    Preliminary Approval of the Settlement

1.    The Court preliminarily finds that: (a) the Stipulation resulted from good-faith, arm's-length negotiations during which the Parties were represented by competent and experienced counsel; and (b) the terms of the proposed Stipulation are fair, reasonable, and adequate, and fall within the range of possible approval.

2.    Accordingly, the Court preliminarily approves the Settlement pursuant to Fed. R. Civ. P. 23(e)(2) subject to further consideration at the Fairness Hearing described below.

## II.    Certification of the Settlement Class

3.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and for the purposes of this Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a class (the "Settlement Class") consisting of all persons, entities, and corporations in the United States who purchased LinkedIn Premium services online on LinkedIn.com or via a LinkedIn mobile application from the period beginning January 13, 2018, to the present and are current LinkedIn members. Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

4.    This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for class certification under Fed. R. Civ. P. 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Co-Lead Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class. In addition, the Court finds, preliminarily and for purposes of this Settlement only, that this Action satisfies the requirements for class certification under Fed. R. Civ. P. 23(b)(2) and that final injunctive relief is appropriate respecting the class as a whole.

## III.    Class Counsel and Class Representatives

5.    Pursuant to Fed. R. Civ. P. 23(c)(1) and 23(g), preliminarily and for purposes of this Settlement only, the following counsel are appointed as class counsel for the Settlement Class ("Co-Lead Counsel"):

Yavar Bathaee
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835

Christopher M. Burke
**BURKE LLP**
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 369-8244

2

yavar@bathaeedunne.com                    cburke@burke.law

6.      Co-Lead Counsel have the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

7.      Plaintiffs are designated as class representatives on behalf of the Settlement Class. Plaintiffs appear to have no conflict of interest with the Settlement Class and allege that they suffered the same injury as all Settlement Class Members.

## IV.    Class Notice and Fairness Hearing

8.      Based upon the information before the Court, there is a sufficient basis for notifying the Settlement Class and for scheduling a Fairness Hearing to be held following the issuance of such notice pursuant to Rule 23(e).

9.      The Court therefore directs the issuance of notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing, as set forth below.

10.     The Court hereby schedules the Fairness Hearing, to be held before the Court, on _____ at __:____ _.m. for the following purposes:

a.      to determine finally whether the requirements for class action treatment under Fed. R. Civ. P. 23 are satisfied;

b.      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c.      to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice and releasing the Plaintiffs' Released Claims against the Released Defendant Persons, the Settlement Class Released Claims against the Released Defendant Persons, and the Released Defendant's Claims against the Released Plaintiff Persons and the Released Settlement Class Persons;

d.      to consider Co-Lead Counsel's application for an award of attorney's fees and expenses, including any service awards ("Fee and Expense Application").

e.      to consider any valid objections submitted to the Court as further provided for herein and in the accompanying Notice; and

3

f.      to rule upon such other matters as the Court may deem appropriate.

11.     The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an order on the Court's docket (provided that the time or the date of the Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 10 above). In such event, however, Co-Lead Counsel are directed to instruct the Notice Administrator (as defined below) to post notice of any such adjournment on a website to be established by the Notice Administrator in this matter for the purposes of facilitating the dissemination of notice and other information about this Action (the "Settlement Website").

12.     Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has awarded attorney's fees and expenses.

13.     The Court approves the form and substance of the Summary Notice and the Notice (attached as Exhibits B and C to the Nordskog Declaration) as sufficient to inform the Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, and the date and location of the Fairness Hearing.

14.     For purposes of this Settlement only, A.B. Data, Ltd., is appointed as the Notice Administrator to supervise and administer the notice procedure pursuant to the terms set forth in the Stipulation and substantially in the form approved herein.

15.     The Notice Administrator shall endeavor to cause the Summary Notice to be disseminated via email by the twenty-eighth (28th) day after entry of this Order ("Notice Date") to all Settlement Class Members who can be identified with reasonable effort. In accordance with ¶ 5.5 of the Stipulation, to the extent it has not already done so, LinkedIn shall provide (at its expense) to the Notice Administrator names and email addresses for Settlement Class Members for the purpose of assisting the Notice Administrator in identifying and giving notice to the Settlement Class.

16.     Co-Lead Counsel, through the Notice Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Settlement Website to be established by the Notice Administrator for the Settlement within fourteen (14) days after entry of this Order.

17.     Co-Lead Counsel shall, at least fourteen (14) days before the Fairness Hearing, file with the Court proof of the dissemination of the Summary Notice and public posting of the Notice as required by this Order.

18.     As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), LinkedIn, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

19.     LinkedIn shall, at least fourteen (14) days before the Fairness Hearing, file with the Court proof, by affidavit or declaration, regarding its compliance with CAFA § 1715(b).

20.     The Court finds that the forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Fed. R. Civ. P. 23, and all other applicable laws and rules, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21.     All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither Plaintiffs, nor Settlement Class Members, nor Co-Lead Counsel shall have any

obligation to repay any amounts actually and properly disbursed by LinkedIn, except as provided in the Stipulation.

22.    **Exclusion from the Settlement Class.** Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing and in the manner set forth in the Notice (a "Request for Exclusion") such that it is received no later than seventy-seven (77) days following the Notice Date. The Request for Exclusion shall be invalid and have no legal or binding force or effect unless it provides the following required information and is received no later than the date stated above, or the Request for Exclusion is otherwise accepted by the Court. Any Request for Exclusion must contain:

    a.  The name, address, and telephone number of the member of the Settlement Class;

    b.  a list of all trade names or business names that the member of the Settlement Class requests to be excluded;

    c.  the name of this Action ("*Crowder et.al. v LinkedIn Corp.*, Case No. 4:22-cv-00237-HSG (N.D. Cal.)");

    d.  a statement certifying such person or entity is a member of the Settlement Class;

    e.  documents sufficient to prove membership in the Settlement Class;

    f.  a statement that "I/we hereby request that I/we be excluded from the Settlement Class as it relates to the 2025 LinkedIn Settlement";

    g.  the signature of the person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative; and

    h.  requests for exclusions must be submitted separately for each Settlement Class Member.

23.    **Appearance and Objections at the Fairness Hearing**. The Court will consider objections to the Settlement and the Fee and Expense Application, provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Fee and

Expense Application or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed the objection with the Court no later than seventy-seven (77) days following the Notice Date. To be valid, a Settlement Class Member's objection must substantially comply with the following requirements, namely, it must set forth the Settlement Class Member's: (1) name, address, and telephone number; (2) proof of membership in the Settlement Class; (3) all grounds for the objection; (4) the name, address, and telephone number of the Settlement Class Member's counsel, if any; and (5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years. The objection must also state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and state with specificity the grounds for the objection. The objection must be signed by the objector, even if the objection is filed by counsel for the objector. Attendance at the Fairness Hearing is not necessary, but Persons wishing to be heard orally in opposition to approval of the Stipulation and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause. Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval. The Fairness hearing will be set no earlier than one hundred twelve (112) days following the Notice Date.

24.    Unless otherwise ordered by the Court upon a finding of good cause shown, any Settlement Class Member who does not object in the manner prescribed above shall: be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Fee and Expense Application; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

25. All papers in support of final approval of the Settlement and/or the Fee and Expense Application shall be filed and served no later than sixty-three (63) days following the Notice Date.

26. Any submissions filed in response to any objections or in reply or further support of the Settlement and/or the Fee and Expense Application shall be filed no later than ninety-eight (98) days following the Notice Date.

27. **Summary of Deadlines.** The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Fairness Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

- **Notice:** to commence no later than 28 (twenty-eight) days following entry of this Order ("Notie Date");

- **Motion for Final Approval of the Settlement ("Final Approval Motion") and application for attorneys' fees and litigation expenses (Fee and Expense Application):** to be filed no later than sixty-three (63) days following the Notice Date;

- **Objection Deadline:** seventy-seven (77) days following the Notice Date;

- **Exclusion Deadline:** seventy-seven (77) days following the Notice Date;

- **Replies in Support of Final Approval Motion and Fee and Expense Application:** ninety-eight (98) days following the Notice Date; and

- **Fairness Hearing:** no earlier than one hundred twelve (112) days following the Notice Date.

28. LinkedIn, LinkedIn's Counsel, and the other Released Defendant Persons shall have no responsibility for, or liability with respect to, the Fee and Expense Application (including any payments to Plaintiffs) submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

1    **V.    Other Provisions**

2        29.    Pending final determination of whether the Settlement should be approved,

3    Plaintiffs, all Settlement Class Members, and anyone who acts or purports to act on behalf of any

4    or all of them, shall not institute, commence, maintain, or prosecute, and are hereby barred and

5    enjoined from instituting, commencing, maintaining, or prosecuting, any action in any court or

6    tribunal that asserts Released Defendant's Claims against any of the Released Defendant Persons.

7        30.    Neither this Order, nor the Stipulation (including the Settlement contained therein)

8    nor any act performed or document executed pursuant to or in furtherance of the Settlement:

9        a.    is or may be deemed to be, or may be used as an admission, concession, or evidence

10    of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by any

11    Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted

12    in the Action, or of any deception, wrongdoing, liability, negligence, or fault of Defendant, the

13    Released Defendant Persons, or each or any of them, or that any Plaintiff or Settlement Class

14    Member was harmed or damaged by any conduct by the Defendant;

15        b.    is or may be deemed to be or may be used as an admission of, or evidence of, any

16    fault or misrepresentation or omission with respect to any statement or written document

17    attributed to, approved or made by Defendant or the Released Defendant Persons in any arbitration

18    proceeding or any civil, criminal, or administrative proceeding in any court, administrative

19    agency, or other tribunal;

20        c.    is or may be deemed to be or shall be used, offered, or received against the Parties,

21    Defendant, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, as an

22    admission, concession, or evidence of the validity or invalidity of the Released Claims, the

23    infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by

24    Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses

25    to the claims raised in the Action; and

26        d.    is or may be deemed to be or shall be construed as or received in evidence as an

27    admission or concession against Defendant, the Released Defendant Persons, the Released

28

Plaintiff Persons, or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that injunctive or equitable relief obtained in the Action would have been more extensive or not obtained, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered by Plaintiffs or the Settlement Class Members after trial.

31.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, the Released Defendant Persons or the Released Plaintiff Persons, and each Plaintiff and Defendant shall be restored to his, her, or its respective litigation positions as determined by the Court.

32.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including but not limited to the enforcement thereof.

**IT IS SO ORDERED.**

Dated: _____          _____
                                        HAYWOOD S. GILLIAM, JR.
                                        United States District Judge

# EXHIBIT B

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

**KOREIN TILLERY P.C.**
Carol L. O'Keefe (*pro hac vice*)
cokeefe@koreintillery.com
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844

*Attorneys for Plaintiffs and the Proposed Class*

**BURKE LLP**
Christopher M. Burke (CA 214799)
cburke@burke.law
Yifan (Kate) Lv (CA 302704)
klv@burke.law
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 369-8244

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD CROWDER, et al., | Case No. 4:22-cv-00237-HSG |
| Plaintiffs, | **[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| v. | |
| LINKEDIN CORPORATION, | Hon. Haywood S. Gilliam, Jr. |
| Defendant. | |

WHEREAS, the Parties, through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice all claims asserted in this Action upon the terms and conditions set forth in the Parties' Stipulation and Agreement of Settlement dated June 16, 2025 (ECF No. _____) (the "Stipulation");

WHEREAS, on _____, the Court issued its Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") (ECF No. _____);

WHEREAS, it appears in the record that the Summary Notice substantially in the form approved by the Court in its Preliminary Approval Order was transmitted to all reasonably identifiable Settlement Class Members, and the Summary Notice and Notice were posted on the Settlement Website established by the Notice Administrator in this matter, in accordance with the Preliminary Approval Order;

WHEREAS, on the _____ day of _____ 202_, following issuance of notice of the Settlement to the Settlement Class, the Court held its Fairness Hearing to determine: (1) whether the terms and conditions of the Stipulation are fair, reasonable and adequate, and should be approved; (2) whether judgment should be entered dismissing, with prejudice, the Action and all claims set forth therein upon and subject to the terms and conditions hereof; (3) whether and in what amount to award Attorney's Fees and Expenses; and (4) whether and in what amount to grant any Service Awards to Plaintiffs; and

WHEREAS, the Court has considered all matters and papers submitted to it at or in connection with the Fairness Hearing and otherwise;

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW, THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings had herein, and it appearing to the Court upon examination, following the duly noticed Fairness Hearing, that the Settlement is fair, reasonable, and adequate and should be finally approved and that this Order and Final Judgment should be entered;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendant LinkedIn Corporation ("LinkedIn" or "Defendant").

2. The Court finds that, solely for purposes of this Settlement, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that:

a. the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

b. there are questions of law and fact common to the Settlement Class;

c. the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; and

d. Plaintiffs and Co-Lead Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class.

3. The Court further finds that, solely for purposes of this Settlement, the requirements for certification of a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure have also been satisfied in that the party opposing the class has acted or intends to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Class as a whole.

4. Accordingly, the Court certifies this action as a class action, solely for purposes of this Settlement, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class, defined as:

> all persons, entities, and corporations in the United States who purchased LinkedIn Premium services online on LinkedIn.com or via a LinkedIn mobile application from the period beginning January 13, 2018, to the present and are current LinkedIn members.

Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case. In addition, a list of persons, entities, and corporations who have properly exercised

their right to exclude themselves from the Settlement Class is attached to this Final Judgment as Exhibit A.

5.     Pursuant to Fed. R. Civ. P. 23, solely for the purposes of this Settlement, Plaintiffs are appointed as class representatives of the Settlement Class, and the following counsel are appointed as class counsel for the Settlement Class:

<table>
<tr><td>Yavar Bathaee<br>**BATHAEE DUNNE LLP**<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel: (332) 322-8835<br>yavar@bathaeedunne.com</td><td>Christopher M. Burke<br>**BURKE LLP**<br>402 West Broadway, Suite 1890<br>San Diego, CA 92101<br>Tel: (619) 369-8244<br>cburke@burke.law</td></tr>
</table>

6.     In accordance with the Preliminary Approval Order, the Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions and the rights of Settlement Class Members in connection therewith (a) constituted the best notice practicable under the circumstances; (b) constituted due and sufficient notice of these proceedings and the matters set forth herein (including the Settlement) to all persons and entities entitled to such notice; and (c) met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. No Settlement Class Member is or shall be relieved from the terms and conditions of the Settlement, including the releases and covenants provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to exclude themselves from the Settlement Class or object to the proposed Settlement (and to participate in the hearing thereon). The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is determined that all Settlement Class Members who have not been found to have excluded themselves from this Settlement are bound by this Order and Final Judgment.

7.     The Court finds that the Settlement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. The

Court further finds that the Settlement is the result of good faith, arm's-length negotiations and that all Parties have been represented throughout by experienced and competent counsel.

8.      The Court further finds that if the Settlement had not been achieved, the Parties would have faced the expense, risk, and uncertainty of extended litigation in connection with the claims asserted against the Defendant. The Court takes no position on the merits of either Plaintiffs', the Settlement Class's, or Defendant's liability positions but notes that the existence of substantial arguments both for and against their respective positions further supports approval of the Settlement.

9.      Accordingly, the Court gives its final approval to the Stipulation and directs the Parties to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

10.     This Action is hereby dismissed on the merits and with prejudice. All Parties to the Action shall bear their own costs, except as otherwise provided in the Stipulation.

11.     Each Released Plaintiff Person shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Plaintiffs' Released Claims against each Released Defendant Person.

12.     Each Released Settlement Class Person shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Settlement Class Released Claims against each Released Defendant Person.

13.     LinkedIn and each of the Released Defendant Persons in their capacities as such shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Released Defendant's Claims against each Released Plaintiff Person and Released Settlement Class Person.

14.     Nothing contained herein shall, however, bar any Party, Released Defendant Person, or Released Plaintiff Person from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

15.     Neither this Order and Final Judgment, the Stipulation, nor any of the terms and provisions of the Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith:

a.     is or may be deemed to be, or may be used as an admission, concession, or evidence of the validity or invalidity of any Released Claim, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or any wrongdoing, liability, negligence, or fault of Defendant, its Related Persons, or any of them;

b.     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved, or made by Defendant or its Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

c.     is or may be deemed to be or shall be used, offered, or received against any Party or any of their Related Persons as an admission, concession, or evidence of the validity or invalidity of any of Plaintiffs' Released Claims, Settlement Class Released Claims, or Released Defendant's Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; or

d.     is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendant, or its Related Persons, or any of them, that any of Plaintiffs' or the Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that injunctive or equitable relief obtained in the Action would have been more extensive or not obtained, or that the consideration to be given pursuant to

the Stipulation is equal to, less than, or greater than any consideration which could have or would have been awarded to Plaintiffs or the Settlement Class Members after trial.

16.     Notwithstanding the immediately preceding paragraph, however, the Parties and the other Released Defendant Persons and Released Plaintiff Persons may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may also file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

17.     Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing exclusive jurisdiction over all Parties to the Action and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, and enforcement of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed.

19.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Fee and Expense Application, including any Service Awards for Plaintiffs.

20.     If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, and the Parties shall be restored to their respective litigation positions as they existed as of December 20, 2024, the date the Court stayed the deadline for the filing of Plaintiffs' class certification motion (ECF No. 118).

**IT IS SO ORDERED.**

Dated: _____          _____
                                          HAYWOOD S. GILLIAM, JR.
                                          United States District Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

# Notice Regarding Proposed Class Action Settlement Involving LinkedIn Premium

## Your Legal Rights May be Affected by a Class Action Settlement.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against LinkedIn Corporation ("LinkedIn"). The lawsuit is known as *Crowder, et al. v. LinkedIn Corp.*, 4:22-cv-00237-HSG (N.D. California) (the "Action").

- Plaintiffs, on behalf of themselves and as representatives of the proposed class, allege they have been and will continue to be injured as a result of LinkedIn's purported monopolization of an alleged professional social networking market in violation of Section 2 of the Sherman Act (15 U.S.C. § 2).

- LinkedIn denies Plaintiffs' allegations. The court's rulings to date are posted on the settlement website www.LinkedInAPIAgreementSettlement.com.

**Your legal rights may be affected whether you act or don't act.** This Notice is a summary, and it is not intended to, and does not, include all of the specific details of the Settlement Agreement. To obtain more specific details concerning the Settlement, please read the Settlement Agreement and other Court documents available at www.LinkedInAPIAgreementSettlement.com. Any future Court orders and settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and to view any possible amendments to the Settlement Agreement or other changes, including changes to the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

**Your rights are affected whether you act or don't act. Read this Notice carefully.**

| **YOUR LEGAL RIGHTS AND OPTIONS** | |
|---|---|
| **DO NOTHING** | If you are a Settlement Class Member, inclusion in the Settlement is automatic, and if the Court approves the Settlement all Settlement Class Members will be bound by its terms. *See* question 16. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | If you wish to exclude yourself from the Settlement, you must submit a written request to the Notice Administrator so that it is received by [MONTH XX, 2025]. This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims this Settlement resolves. *See* questions 8-9. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the Settlement, Attorney's Fees and Expenses, or Service Award, you can file a written objection with the Court and serve copies on Co-Lead Counsel and LinkedIn's Counsel by [MONTH XX, 2025] explaining why you disagree with the Settlement, Attorneys' Fees and Expenses, or the Service Awards. You must be a Settlement Class Member and remain in the Settlement Class in order to object. *See* question 10 |

| | |
|---|---|
| **GO TO THE FAIRNESS HEARING** | You may ask the Court for permission to speak at the Fairness Hearing by including such a request in your written objection, which you must file with the Court by [MONTH XX, 2025]. The Fairness Hearing is scheduled for [MONTH XX, 2025] at [TIME]. *See* questions 13-15 |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. *See* question 15. |

## BASIC INFORMATION

### 1. Why was this Notice issued?

You received this Notice because records indicate that you may be a Settlement Class Member. The Court authorized this Notice because you have a right to know about a proposed Settlement, and your rights and options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. Your legal rights are affected whether you act or not.

Judge Haywood S. Gilliam, Jr. of the United States District Court for the Northern District of California, Oakland Division, is overseeing this case. This lawsuit is currently known as *Crowder v. LinkedIn*, No. 4:22-cv-00237. The people who sued are called the "Plaintiffs." LinkedIn is the "Defendant."

### 2. What is this Lawsuit about?

The lawsuit alleges LinkedIn has a monopoly in an alleged professional social networking market and took steps to prevent potential competitors from entering the market. Specifically, the lawsuit alleges that LinkedIn conditioned third-party access to certain data to those parties agreeing not to compete with LinkedIn. The lawsuit also alleges that LinkedIn integrated its machine learning systems and infrastructure with its parent Microsoft's cloud computing business, Azure, which allegedly further strengthened LinkedIn's monopoly and prevented competition. LinkedIn disputes each of these allegations.

The lawsuit says that as a result of this alleged monopoly, LinkedIn can overcharge individuals who paid for premium services and upgraded account features on its platform.

LinkedIn denies the claims set forth in the lawsuit.

This Notice is only a summary. More detail is provided in the Settlement Agreement, available at www.LinkedInAPIAgreementSettlement.com.

### 3. Why is this a class action?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people who have similar claims. Together, all of these people and entities are a "class" or "class members." In this case, the class representatives are Todd Crowder, Kevin Schulte, and Garrick Vance. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4. Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or LinkedIn. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, both sides avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this Notice. The proposed Settlement does not mean that any law was broken or that LinkedIn did anything wrong. Co-Lead Counsel believes that the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT CLASS?

### 5. Who is included in the Settlement Class?

The Settlement Class is defined as: All persons, entities, and corporations in the United States who purchased LinkedIn Premium services online on LinkedIn.com or via a LinkedIn mobile application from the period beginning January 13, 2018, to the present and are current LinkedIn members.

Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

### 6. What if I am still not sure if I am included?

If you are not sure whether you are a Settlement Class Member, or have any other questions about the Settlement, visit the website, www.LinkedInAPIAgreementSettlement.com, or call the toll-free number, 1-877-580-8588. You may also send questions to the Notice Administrator at *LinkedIn Premium Settlement*, c/o A.B. Data, Ltd., P.O. Box 170400, Milwaukee, WI 53217 or info@LinkedInAPIAgreementSettlement.com.

## SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

The parties agree that, for a period of three (3) years from the Settlement Effective Date, LinkedIn will not include the Non-Use of LinkedIn Application Programming Interface ("API") Provision in any future API Agreement. To the extent that any current API Agreement contains the Non-Use of LinkedIn API Provision, LinkedIn agrees not to enforce such provisions against the counterparties to those agreements for a minimum of three (3) years from the Effective Date.

"Non-Use of LinkedIn API Provision" means any provision in an API Agreement that expressly restricts a partner from using LinkedIn APIs or associated LinkedIn data or content in an application that competes against LinkedIn's primary lines of business, as further described in the Settlement Agreement.

The parties agree that LinkedIn shall file an annual certification with the Court attesting that LinkedIn is in substantial compliance with the provisions of the Settlement Agreement beginning one (1) year after the Effective Date and ending three (3) years after the Effective Date. There is no monetary benefit associated with the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**8.   How do I get out of the Settlement?**

If you want to keep the right to sue or continue to sue LinkedIn on your own about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself – or it is sometimes referred to as "opting out" of the Settlement Class.

To exclude yourself from the Settlement Class, you must send a written "Request for Exclusion" to the Notice Administrator so that your request is received by [**Month 00, 2025**]. Your Request for Exclusion must include:

- Your name, current mailing address, and telephone number;
- The Notice ID number from your notice (if you have one);
- Documents sufficient to prove membership in the Settlement Class;
- A statement that you want to be excluded from the Settlement Class in *Crowder, et al. v. LinkedIn Corp.,* 4:22-cv-00237-HSG; and
- Your signature (you must personally sign the Request for Exclusion) as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative .

You must mail your Request for Exclusion so that it is received no later than [**Month 00, 2025**], to:

*LinkedIn API Agreement Settlement*
EXCLUSIONS
P.O. BOX 173001
Milwaukee, WI 53217

A Request for Exclusion that does not include all the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid and the person filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved.

**9.   If I don't exclude myself, can I sue LinkedIn for the same thing later?**

No. If the Court approves the proposed Settlement and you do not exclude yourself from the Settlement Class, you give up (or "release") all claims made in this lawsuit. Unless you exclude yourself, all of the Court's decisions will bind you. The Settlement Agreement, available at www.LinkedInAPIAgreementSettlement.com,  describes the specific claims that you will give up. Please read it carefully.

If you have any questions, you can talk to the lawyers listed below for free, or you can talk to your own lawyer if you have questions about what this means.

## OBJECTING TO THE  SETTLEMENT

**10. How can I tell the Court if I do not like the Settlement?**

If you are a Settlement Class Member, you can object to or comment on any part of the proposed Settlement and/or Co-Lead Counsel's motion for (a) an award of attorneys' fees; (b) reimbursement of Litigation Expenses ("Fee and Expense Application"); and (c) Service Awards for Plaintiffs. You can give reasons why you think the Court should not approve the Settlement, the Fee and Expense Application, or the Service Awards. The Court will consider your views.

You can object to the Settlement only if you remain a Settlement Class Member and do not exclude yourself from the Settlement.

If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection by MONTH XX, 2025, and serving copies of your notice of appearance and objection on Co-Lead Counsel and LinkedIn's Counsel at the following physical addresses:

| Co-Lead Counsel | |
| --- | --- |
| Yavar Bathaee<br>**BATHAEE DUNNE LLP**<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel: (332) 322-8835<br>yavar@bathaeedunne.com | Christopher M. Burke<br>**BURKE LLP**<br>402 West Broadway, Suite 1890<br>San Diego, CA 92101<br>Tel: (619) 369-8244<br>cburke@burke.law |
| **LinkedIn's Counsel** | |
| Russell Cohen<br>**Dechert LLP**<br>45 Fremont St., 26th Floor<br>San Francisco, CA 94105<br>Tel: 415-262-4500 | |

If you choose to object, you must file a written objection with the Court. You cannot make an objection by telephone or email. Your written objection must include a heading that refers to this Action by case name and case number, and the following information: (1) name, address, and telephone number; (2) proof of membership in the Settlement Class; (3) all grounds for the objection; (4) the name, address, and telephone number of the Settlement Class Member's counsel, if any; and (5) a list of other cases in which you or your counsel has appeared either as an objector or counsel for an objector in the last five years. The objection must also state whether it applies only to you, to a specific subset of the class, or to the entire class, and state with specificity the grounds for the objection. The objection must be signed by you, even if the objection is filed by your counsel.

If you want to be heard at the Fairness Hearing, you must say so in your written objection and also identify any witnesses you propose to call to testify or exhibits you propose to introduce into evidence, if the Court so permits.

If you do not timely and validly submit your objection, your views may not be considered by the Court or any court on appeal.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in this case?

Yes. The Court has appointed the following lawyers as Co-Lead Counsel. These lawyers and law firms will represent you and all members of the Settlement Class.

Yavar Bathaee
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
yavar@bathaeedunne.com

Christopher M. Burke
**BURKE LLP**
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 369-8244
cburke@burke.law

You will not be charged for contacting these lawyers. If you want to be represented by or consult with your own lawyer concerning the terms of the Settlement, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Co-Lead Counsel will submit an application to the Court (the "Fee and Expense Application") for an award of Attorney's Fees and Expenses, including for (a) reasonable attorney's fees and (b) payment of litigation costs and expenses reasonably incurred in connection with the investigation, filing, prosecution, and settlement of the Action. Pursuant to the Parties' agreement, Co-Lead Counsel will apply for, and LinkedIn will not challenge, up to $4,000,000.00 in attorney's fees and $100,000.00 in costs and expenses. Any award of Attorney's Fees and Expenses will be paid by LinkedIn.

Co-Lead Counsel will also submit an application to the Court (the "Service Award Application") for a Service Award of not more than $5,000 per class representative for service undertaken on behalf of the Settlement Class in connection with the litigation of this Action.

This is only a summary of the Fee and Expense Application and Service Award Application.. Any motions in support of the applications will be filed with the Court no later than Month XX, 2025. After that date, if you wish to review the motion papers, you may do so by viewing them at www.LinkedInAPIAgreementSettlement.com.

The Court will consider the motion for attorney's fees and litigation expenses and the Service Awards at the Fairness Hearing.

## THE FAIRNESS HEARING

### 13. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing (called "Fairness Hearing") to decide whether to approve the Settlement and any requests by Co-Lead Counsel for fees, costs, and expenses and the proposed Service Awards for the Plaintiffs. You may attend and you may ask to speak, but you do not have to do so.

The Court will hold the hearing on [**Month 00, 2024**], at [**0:00 x.m.**] at the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.LinkedInAPIAgreementSettlement.com for updates.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections or comments, the Court will consider them at that time and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Co-Lead Counsel and whether to reimburse Co-Lead Counsel for certain costs, and whether to pay Service Awards to the Lead Plaintiffs. At or after the hearing, the Court will decide whether to approve the Settlement.

**14. Do I have to come to the Fairness Hearing?**

No. Co-Lead Counsel will answer any questions the Court may have. But you are welcome to attend, at your expense, if you wish. If you send an objection or comment, you do not have to come to Court to talk about it. As long as you filed or mailed your written objection on time, the Court will consider it. You may also hire or consult with your own lawyer at your own expense to attend on your behalf, but you are not required to do so.

**15. May I speak at the Fairness Hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. If you want to appear at the Fairness Hearing, you may enter an appearance in the Action at your own expense, individually or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection by MONTH XX, 2025, and serving copies of your objection on Co-Lead Counsel and LinkedIn's Counsel at the addresses set forth in in question 10. .

## IF YOU DO NOTHING

**16. What happens if I do nothing?**

If you are a Settlement Class Member, inclusion in the Settlement is automatic, and if the Court approves the Settlement all Settlement Class Members will be bound by its terms**.**

## FURTHER INFORMATION

**17. How do I get more information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.LinkedInAPIAgreementSettlement.com. For more information on the Settlement, you may contact Co-Lead Counsel identified above in question 11. Updates about the Settlement will be posted at www.LinkedInAPIAgreementSettlement.com.

Additional information is available by contacting the Notice Administrator at 1-877-580-8588,  by writing to *LinkedIn API Agreement Settlement*, c/o A.B. Data, Ltd., P.O. Box 170400, Milwaukee, WI 53217 or via email at info@LinkedInAPIAgreementSettlement.com.

**PLEASE DO NOT CALL OR WRITE THE COURT, THE COURT CLERK'S OFFICE, THE DEFENDANT, OR ITS COUNSEL REGARDING THIS NOTICE.**

Dated: XXX xx, 2025                    By Order of the Court,
                                       United States District Court
                                       Northern District of California, Oakland Division

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

## Summary Notice Regarding Proposed Class Action Settlement Involving LinkedIn Premium

### Your Legal Rights May be Affected by a Class Action Settlement.

*A Federal Court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

**YOU ARE HEREBY NOTIFIED** that a settlement has been reached in a class action lawsuit against LinkedIn Corporation ("LinkedIn"). The lawsuit is known as *Crowder, et al. v. LinkedIn Corp.*, 4:22-cv-00237-HSG (N.D. California) (the "Action").

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS ACTION WHETHER YOU ACT OR DON'T ACT**. This notice is a summary, and it is not intended to, and does not, include all of the specific details of the Settlement Agreement. Additional information about the Action and access to important documents, including, but not limited to, the Notice of Proposed Class Action Settlement (the "Notice") that more fully sets forth your rights in this Action, the operative pleadings, and other Court documents are available at www.LinkedInAPIAgreementSettlement.com, or by contacting the Notice Administrator at *LinkedIn API Agreement Settlement,* c/o A.B. Data, Ltd., P.O. Box 170400, Milwaukee, WI 53217, toll-free at 1-877-580-8588 or by email to info@LinkedInAPIAgreementSettlement.com.

### <u>WHO IS IN THE SETTLEMENT CLASS?</u>

The Settlement Class is defined as:

> **All persons, entities, and corporations in the United States who purchased LinkedIn Premium services online on LinkedIn.com or via a LinkedIn mobile application from the period beginning January 13, 2018, to the present and are current LinkedIn members.**

Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

### <u>SETTLEMENT BENEFITS</u>

Plaintiffs, on behalf of themselves and as representatives of the proposed class, allege they have been and will continue to be injured as a result of LinkedIn's purported monopolization of an alleged professional social networking market in violation of Section 2 of the Sherman Act (15 U.S.C. § 2). LinkedIn denies Plaintiffs' allegations. The court's rulings to date are posted on the settlement website, www.LinkedInAPIAgreementSettlement.com.

The Court has not decided in favor of the Plaintiffs or LinkedIn. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, both sides avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in the Notice. The proposed Settlement does not mean that any law was broken or that LinkedIn did anything wrong. Co-Lead Counsel believes that the Settlement is best for all Settlement Class Members.

The parties agree that, for a period of three (3) years from the Settlement Effective Date, LinkedIn will not include the Non-Use of LinkedIn Application Programming Interface ("API") Provision in any future API Agreement.

To the extent that any current API Agreement contains the Non-Use of LinkedIn API Provision, LinkedIn agrees not to enforce such provisions against the counterparties to those agreements for a minimum of three (3) years from the Effective Date. The parties agree that LinkedIn shall file an annual certification with the Court attesting that LinkedIn is in substantial compliance with the provisions of the Settlement Agreement beginning one (1) year after the Effective Date and ending three (3) years after the Effective Date. There is no monetary recovery associated with this settlement.

## <u>YOUR LEGAL RIGHTS AND OPTIONS</u>

**If you are a Settlement Class Member**, inclusion in the Settlement is automatic, and if the Court approves the Settlement all Settlement Class Members will be bound by its terms.

I**f you desire to be excluded from the Settlement Class**, you must submit a written request for exclusion, received by **[Month 00, 2025],** in the manner and form explained in the detailed Notice. All Settlement Class Members who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the terms and conditions of the Stipulation.

**If you wish to object to the Settlement, application for an award of attorney's fees and litigation expenses, and/or service awards for the Plaintiffs,** you must submit that objection in the manner and form explained in the detailed Notice, so that it is received by [**MONTH 00, 2025**].

## <u>THE FAIRNESS HEARING</u>

The Court will hold a hearing (called "Fairness Hearing") to decide whether to approve the Settlement and any requests by Co-Lead Counsel for fees, costs, and expenses and the proposed Service Awards for the Plaintiffs. You or your lawyer may attend and ask to speak, but you do not have to do so.

The Court will hold the hearing on **[Month 00, 2025], at [0:00 x.m.]** at the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.LinkedInAPIAgreementSettlement.com for updates.

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement as well as the further detailed Notice and other Court Documents, available at www.LinkedInAPIAgreementSettlement.com. For more information on the Settlement, you may contact Co-Lead Counsel or the Notice Administrator toll-free at 1-877-580-8588 or by email to info@LinkedInAPIAgreementSettlement.com. Updates about the Settlement will be posted at www.LinkedInAPIAgreementSettlement.com.

**PLEASE DO NOT CALL OR WRITE THE COURT, THE COURT CLERK'S OFFICE, THE DEFENDANT, OR ITS COUNSEL REGARDING THIS NOTICE.**

Dated: **[Month 00, 2025]**                    By Order of the Court,
United States District Court
Northern District of California, Oakland Division