**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

**KOREIN TILLERY P.C.**
Carol L. O'Keefe (*pro hac vice*)
cokeefe@koreintillery.com
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844

**BURKE LLP**
Christopher M. Burke (CA 214799)
cburke@burke.law
Yifan (Kate) Lv (CA 302704)
klv@burke.law
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 571-2253

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD CROWDER, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>LINKEDIN CORPORATION,<br><br>      Defendant. | Case No. 4:22-cv-00237-HSG<br><br>**JOINT DECLARATION OF CHRISTOPHER BURKE AND YAVAR BATHAEE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

Pursuant to 28 U.S.C. § 1746, I, Christopher Burke, declare:

1.      I am currently a partner in the law firm of Burke LLP.  Before January 1, 2025, I was a partner in the law firm of Korein Tillery PC. [1] I am an attorney admitted to practice in the United States District Court for the Northern District of California as well as the highest courts of New York, Wisconsin, and California, among other jurisdictions. I am over the age of 18 and am personally familiar with and have personal knowledge of the facts contained herein, which I could and would testify competently thereto. I have personally spent considerable time on this case and have been involved in nearly every aspect of the case.

Pursuant to 28 U.S.C. § 1746, I, Yavar Bathaee, declare:

2.      I am an attorney admitted to practice in the United States District Court for the Norther District of California as well as the highest courts of New York and California, among other jurisdictions. I am a partner at Bathaee Dunne LLP. I am over the age of 18 and am personally familiar with and have personal knowledge of the facts contained herein, which I could and would testify competently thereto. I have personally spent considerable time on this case and have been involved in nearly every aspect of the case.

Pursuant to 28 U.S.C. § 1746, we, Christopher Burke and Yavar Bathaee, jointly declare:

3.      We are two of the attorneys of record for the Plaintiffs in the above-captioned matter, and Korein Tillery PC, Burke LLP, and Bathaee Dunne LLP are co-counsel for Plaintiffs. We submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement ("Motion").

4.      As Plaintiffs also move to certify a class for purposes of settlement, we ask to be appointed class counsel on behalf of the Settlement Class for this action.

---

[1] I was a partner at Korein Tillery PC from November 2022 through December 2024. At Korein Tillery,  I actively represented plaintiffs in this case upon entering the matter in 2023. On January 1, 2025, I left Korein Tillery PC to establish my own firm, Burke LLP. My current firm, Burke LLP, continues to represent plaintiffs in this case alongside attorneys from Korein Tillery PC and Bathaee Dunne LLP.

## I.     THE LITIGATION

5.     On January 13, 2022, Plaintiffs Todd Crowder, Kevin Schulte, and Garrick Vance filed a class action complaint in this Court challenging LinkedIn Corporation ("LinkedIn")'s conduct in charging supercompetitive process for LinkedIn Premium subscriptions after unlawfully acquiring and maintaining monopoly power in the Professional Social Networking Market, under Section 2 of the Sherman Act, seeking damages and injunctive relief. *See* Compl. (DKT. No. 1). Following the dismissal of their first complaint, Plaintiffs later amended their complaint on April 5, 2023. *See* Am. Compl. (Dkt. No. 65). Plaintiffs brought their claim on behalf of a putative class of "[a]ll persons, business associations, entities, and corporations who purchased LinkedIn Premium services or otherwise paid LinkedIn for any upgraded account features from the period beginning January 13, 2018, to the present (the "Class Period")." *Id.* ¶ 424.

6.     Plaintiffs allege that LinkedIn's conduct in entering into Private API agreements with third-parties and integration with Microsoft's Azure cloud computing platform helped LinkedIn acquire and maintain monopoly power in the Professional Social Networking Market, thereby allegedly allowing LinkedIn to charge supracompetitive prices for LinkedIn Premium subscriptions and reducing consumer choice. *Id.* ¶¶ 412-21.

7.     Both before and after commencing this lawsuit, our respective law firms, Bathaee Dunne LLP and, upon joining the case, Korein Tillery PC, investigated the underlying facts and thoroughly researched the relevant law. This included analyzing the API agreements produced to Plaintiffs in the course of discovery and reviewing industry publications, news articles, and relevant analyst reports concerning LinkedIn in general. We also investigated the claims, consequences, and viable legal theories to be pursued against LinkedIn.

8.     After Plaintiffs filed their Complaint on January 1, 2022, LinkedIn filed a motion to dismiss on April 12, 2022 (Dkt. No. 27), which the Court granted with leave to amend on March 8, 2023 (Dkt. No. 64). Plaintiff filed their Amended Complaint on April 5, 2023 (Dkt. No. 65), and LinkedIn again moved to dismiss (Dkt. No. 73). On July 28, 2023, following a hearing on the motion, the Court partially lifted the discovery stay and directed LinkedIn "to produce to Plaintiffs

any private API agreements between LinkedIn and Hoot[s]uite, Amobee, Annalect, Ogilvy, or Sprinklr by August 10, 2023" (Dkt. No. 78). Pursuant to the Court's Order Partially Lifting Stay and Directing Production of Documents, Defendants produced the private API agreements between LinkedIn and HootSuite, Amobee, Annalect, and Sprinklr by August 10, 2023, of which Plaintiffs have conducted a thorough review. The Court denied the motion to dismiss the first amended complaint on March 21, 2024 (Dkt. No. 95).

9.      Discovery fully opened when the Court denied the motion to dismiss the first amended complaint on March 21, 2024 (Dkt. No. 95). Plaintiffs had previously served their First Set of Interrogatories and First Set of Requests for Production on May 27, 2022, as well as their Second Set of Requests for Production on August 4, 2022.

10.      Beginning with its August 10, 2023, court-ordered production and continuing through November 2, 2024, LinkedIn produced 12 tranches of private API agreements and related documents, for a total of 11,331 pages, which Plaintiffs reviewed and analyzed.

11.      LinkedIn's private API agreements contain agreements not to compete, embodied in what the Settlement Agreement defines as a "Non-Use of LinkedIn API Provision."

12.      Plaintiffs also provided discovery to LinkedIn, providing initial disclosures on April 12, 2022, and responding to LinkedIn's First Set of Requests for Production on June 25, 2024, and First Set of Interrogatories on July 8, 2024.

## II.      THE SETTLEMENT NEGOTIATIONS

13.      On December 3, 2024, the parties engaged in a full-day, in-person mediation with Gregory P. Lindstrom of Phillips ADR Enterprises. We were both present at this mediation. Following the in-person mediation, the parties have engaged in numerous telephone and Zoom calls, including with the assistance of the mediator, Mr. Lindstrom, to further discuss settlement.

14.      On December 19, 2025, the parties executed a term sheet setting forth the basic parameters of a settlement in principle, which were later incorporated into the Stipulation of Settlement.

15.      On December 20, 2024, the parties filed a Joint Notice of Settlement in Principle and Stipulation Vacating Deadlines (Dkt. No. 117). The Court denied this request, staying only

the deadline for filing Plaintiffs' class certification motion pending a discussion with the parties about the plan for and timing of a preliminary approval motion (Dkt. No. 118). On January 7, 2025, the Court held a further case management conference and set a deadline for February 18, 2025, for counsel to file a short statement on the anticipated timing of the filing of the motion for preliminary approval (Dkt. No. 121).

16.     The parties provided a status report on February 18, 2025, indicating that the negotiations had made significant progress, and they were in the process of drafting a stipulation of settlement, interviewing several settlement administration firms, and anticipated selecting a settlement administrator shortly (Dkt. No. 122). Plaintiffs filed further joint status reports regarding settlement on March 20, 2025 (Dkt. No. 124) and June 12, 2025 (Dkt. No. 127).

17.     On June 13, 2025, the Court directed Plaintiffs to file their motion for preliminary approval by July 11, 2025, or if such a motion could not be filed, a joint status report of no more than two pages indicating when it will be filed (Dkt. No. 128).

18.     The parties executed the Stipulation and Agreement of Settlement on June 16, 2025.

19.     The parties did not discuss the amounts of attorney's fees, costs, and expenses Plaintiffs' counsel will seek prior to agreeing on the substantive relief for the Settlement Class or signing the term sheet of the class settlement. Instead, they mediated the issue before Mr. Lindstrom on March 7, 2025 and reached an agreement on May 12, 2025. The notice given to the class and the proposed settlement website will disclose the maximum amount of fees and expense reimbursement Plaintiffs' counsel intend to seek. Plaintiffs' counsel also intend to apply for service awards of up to $5,000 for each Plaintiff for service undertaken on behalf of the Settlement Class in connection with the litigation of this action.

## III.     THE PROPOSED SETTLEMENT

20.     The proposed Settlement Class is defined as: all persons, entities, and corporations in the United States who purchased LinkedIn Premium services online on LinkedIn.com or via a LinkedIn mobile application from the period beginning January 13, 2018, to the present and are current LinkedIn members. Excluded from the Settlement Class are: (a) the Defendant; (b) its

employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

21. The Settlement provides injunctive relief in that LinkedIn will discontinue from entering or enforcing any agreements or provisions requiring counterparties to Application Programming Interface ("API") agreements/contracts to refrain, consistent with the terms of the respective agreements, from competition with LinkedIn, including as to its primary lines of business (the "Restrictions"). For the sake of clarity, this includes all variants of the provisions referred to on page 8 of LinkedIn's Confidential Mediation Statement as "Non-Use of LinkedIn API Provisions." To the extent the Restrictions currently exist in any agreement, or have existed in such agreements in the past, LinkedIn agrees not to enforce those Restrictions as to any counterparty. The parties agreed that this agreement to refrain from including the Restrictions or any materially similar provisions in its API agreements/contracts will be in force for a period of three years from the date of the Court's final order approving the classwide settlement (to the extent such approval is granted). During that time, LinkedIn shall file an annual certification with the court attesting that it is in substantial compliance with the provisions of the settlement and the Court's injunction.

22. The Settlement releases the claims of the members of the Settlement Class as to all injunctive and other equitable or non-monetary claims or remedies asserted or that could have been asserted in the action.

23. We believe the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of Plaintiffs and putative Settlement Class Members. Despite our strong belief in the merits of this litigation and likelihood of success as trial, we nonetheless believe that the benefits to Plaintiffs and the putative Settlement Class pursuant to the agreed upon terms substantially outweigh the risks of continuing to litigate the claims—namely, the delay that would result before Plaintiffs and putative Settlement Class Members receive any benefits should the action proceed to trial; the possibility of a negative outcome at trial; and the possibility of a negative outcome post-trial should Schwab appeal a judgment in favor of the putative Settlement

Class. This Settlement provides significant benefits now and is in the best interests of all putative Settlement Class Members.

24.     Plaintiffs anticipate quantifying the value of the settlement by presenting expert testimony from an antitrust economist.

**IV.    FEES AND COSTS EXPENDED IN THE LITIGATION**

25.     After the parties agreed on relief for the Settlement Class, they mediated the amounts of attorney's fees, costs, and expenses Plaintiffs' counsel will seek.

26.     Plaintiffs plan to seek a fee award of not more than $4,000,000.00.

27.     To date, Plaintiffs' counsel's lodestar is approximately $5,800,000, amounting to a lodestar multiplier of approximately 0.69.

28.     To date, Plaintiffs' counsel have incurred costs of approximately $76,000 and anticipate that by the final-approval stage that figure will exceed the $100,000 maximum they have agreed to seek from LinkedIn under the Settlement.

**V.     SELECTION OF NOTICE ADMINISTRATOR**

29.     After a competitive bidding process, we selected A.B. Data, Ltd. ("A.B. Data") as the notice administrator. Before selecting AB Data, we issued requests for proposal to three other prominent settlement administrators, all of whom submitted bids. AB Data was ultimately chosen for its competitive pricing and robust noticing plan, which includes direct email notification, a case-specific website, and a toll-free telephone line and dedicated email address—providing addition information to members of the putative Settlement Class.

30.     Bathaee Dunne LLP, Burke LLP, and Korein Tillery PC have not had any engagements with A.B. Data over the last two years.

31.     The anticipated administrative costs of administering the notice is estimated to be $50,000. This cost is reasonable in relation to the value of the settlement, which is expected to enhance competition within the Professional Social Networking Market—ultimately benefiting millions of members of the putative Settlement Class. LinkedIn has agreed to pay the costs of notice in this case.

## VI.    QUALIFICATIONS

32.    At all times, Bathaee Dunne LLP, Korein Tillery PC, and Burke LLP had the experience, expertise, and resources to effectively litigate any and all issues related to this litigation.

33.    I, Yavar Bathaee, have been in private practice since 2008. In 2020, I co-founded Bathaee Dunne LLP, where my practice has focused on complex plaintiff-side cases in federal and state courts across the country. Prior to co-founding Bathaee Dunne LLP, I spent more than a decade in Sullivan & Cromwell's litigation group, where I represented a wide breadth of clients, including financial institutions, automotive manufacturers, technology companies, and central banks.

34.    I, Yavar Bathaee, have been lead or co-lead counsel in numerous complex class actions, including:

- *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal.). I have been appointed as interim co-lead counsel in a consolidated antitrust class action challenging Meta (formerly Facebook's) monopolization of the social advertising market. After surviving two motions to dismiss, the putative advertiser class's claims in *Klein* are presently pending class certification.

- *Biddle v. The Walt Disney Company*, No. 5:22-cv-07317 (N.D. Cal.). I have moved for an appointment as interim lead counsel in a consolidated case for consumer class actions challenging Disney's anticompetitive licensing practices in connection with ESPN and other properties in the streaming live pay TV market. The case has reached a settlement in principle.

- *Corrente v. The Charles Schwab Corp.*, No. 4:22-cv-00470 (E.D. Tex). I am co-lead counsel in an antitrust class action challenging the merger between Schwab and TD Ameritrade. A settlement has been preliminarily approved by the Court.

- *Pietosi v. HP, Inc.*, No. 3:22-cv-04237 (N.D. Cal.), and *Day v. Advanced Micro Devices, Inc.*, No. 3:22-cv-04305 (N.D. Cal) I am co-lead counsel in related consumer class actions arising out of product defect in AMD's firmware TPM modules. The

Court has scheduled oral argument for the parties' cross-motions for summary judgment and the defendants' *Daubert* motions later this month.

35.     I, Yavar Bathaee, graduated *magna cum laude*, Order of the Coif from Fordham Law School, where I also earned the Class of 1911 Prize.

36.     A copy of Bathaee Dunne LLP's resume is submitted herewith as Exhibit A to this Declaration.

37.     I, Christopher Burke, have been in private practice since 1994.  My principal practice is complex antitrust litigation, particularly in the financial services industry.

38.     I, Christopher Burke, have been a principal, trial, lead, and/or co-lead counsel in numerous complex class actions, including:

- *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-7126 (S.D.N.Y) (ISDA fix litigation) ($504.5 million settlement);

- *Axiom Inv. Advisors, LLC, by & through its Trustee, Gildor Mgmt. LLC v. Barclays Bank PLC*, No. 15-cv-09323 (S.D.N.Y.) ($50 million settlement);

- *Dahl v. Bain Cap. Partners*, No. 07-cv-12388 (D. Mass.) ($590.5 million settlement);

- *In re Currency Conversion Antitrust Litig.*, MDL No. 1409 (S.D.N.Y.) ($336 million settlement);

- *In re Disposable Contact Lens Antitrust Litig.*, MDL No. 1030 (M.D. Fla.) ($90 million settlement with final settlements occurring during trial);

- *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, No. 13- cv-7789 (S.D.N.Y.) (FX litigation) ($2.3 billion settlement);

- *In re GSE Bonds Antitrust Litig.*, No. 19-cv-01704 (S.D.N.Y.) ($386.5 million settlement);

- *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, MDL No. 1891 (C.D. Cal.) ($86 million settlement);

- *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.) ($5.6 billion settlement);

- *In re Prudential Ins. Co. of Am. SGLI/VGLI Contract Litig.*, No. 11-md-2208 (D. Mass.) ($40 million settlement);

- *LiPuma v. Am. Express Co.*, No. 1:04-cv-20314 (S.D. Fla.) ($90 million settlement);

- *Ross v. Am. Express Co.*, No. 04-cv-5723, MDL No. 1409 (S.D.N.Y.); and

- *Schwartz v. Visa*, No. 822505-4 (Alameda Cty. Super. Ct.) ($780 million plaintiff's judgment after six months of trial).

39.     I, Christopher Burke, am currently serving as co-lead counsel in the following antitrust cases:

- *In re Fragrance Direct Purchaser Antitrust Litig.*, No. 2:23-cv-02174, a lawsuit against main fragrance manufactures for a price fixing conspiracy;

- *In re Passenger Vehicle Replacement Tires Antitrust Litig.*, No. 5:24-md-3107 (N.D. Ohio) pursuing price fixing claims against main manufacturers in the tire industries.

40.     I, Christopher Burke, have been recognized three times (2014, 2018, and 2020) by the American Antitrust Institute for exemplary work in private enforcement of the antitrust law.

41.     A copy of Burke LLP's resume is submitted herewith as Exhibit B to this Declaration.

42.     Based on our experience and our knowledge regarding the factual and legal issues in this matter, and given the substantial benefits provided by the Settlement, we believe the proposed settlement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23(e) and should be preliminarily approved by the Court.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 11th day of July, 2025 at New York, New York.

*/s/ Yavar Bathaee*
Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue, 9th Floor
New York, NY 10022
yavar@bathaeedunne.com

I certify under penalty of perjury that the foregoing is true and correct. Executed this 11th day of July, 2025, at San Diego, California.

*/s/ Christopher Burke*
Christopher Burke
Burke LLP
402 West Broadway, Suite 1890
San Diego, CA 92101
cburke@burke.law

# EXHIBIT A

# Bathaee :: Dunne :: LLP

## Firm Overview

Bathaee Dunne was founded in 2020 with a dedicated focus on pursuing novel, complex, and significant cases—particularly in the spaces of antitrust, consumer protection, finance, and technology. Since its founding, the firm has served as lead counsel, co-lead counsel, or interim co-lead counsel in over a dozen nationwide class action suits. Our lawyers come from diverse backgrounds—we are engineers, physicists, actors, and musicians; antitrust, patent, securities, and products-liability lawyers; and were trained by preeminent law firms and some of the most highly respected judges in the country. We can litigate and win the cases we bring, and can quickly learn about any industry, product, business, or scheme.

## Current and Noteworthy Leadership Roles

- *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-8570 (N.D. Cal.): Interim co-lead counsel in this putative antitrust class action brought by Facebook advertisers alleging that Facebook (now Meta) unlawfully monopolized the social advertising market.

- *Biddle et al. v. The Walt Disney Co.*, No. 5:22-cv-07317 (N.D. Cal.): Application pending for interim co-lead counsel in this putative antitrust class action brought by YouTube TV, DirecTV, and fuboTV subscribers alleging that Disney entered into agreements in restraint of trade that raised prices in the streaming live paid television market.

- *Corrente et al. v. The Charles Schwab Corp.*, 4:22-cv-00470 (E.D. Tex.). Co-lead counsel in this putative antitrust class action brought by Charles Schwab customers alleging that the merger between Schwab and TD Ameritrade resulted in a substantial lessening of competition in the retail order flow market.

- *Crowder et al. v. LinkedIn Corp.*, No. 4:22-cv-00237 (N.D. Cal.). Co-lead counsel in this putative antitrust class action filed on behalf of Premium LinkedIn subscribers alleging that LinkedIn has prevented entry to would-be competitors in the professional social networking market.

- *Bakay et al. v. Apple Inc.*, 3:24-cv-476 (N.D. Cal.). Lead counsel in this putative antitrust class action filed on behalf of purchasers of Apple iPhones alleging that Apple's agreements with horizontal competitors violate Sections 1 and 2 of the Sherman Act.

- *In re Passenger Vehicle Replacement Tires Antitrust Litigation*, MDL No. 3107, 5:24-cv-3107 (N.D. Ohio). Appointed to the Plaintiffs' Steering Committee in this antitrust MDL representing indirect purchasers in this multidistrict litigation related to alleged price fixing in the market for new passenger vehicle replacement tires.

- *Pietosi et al. v. HP, Inc.*, No. 3:22-cv-4273 (N.D. Cal.). Co-lead counsel in this putative class action lawsuit filed on behalf of purchasers of HP computers with defective central processing units.

- *Day et al. v. Advanced Micro Devices, Inc.*, No. 3:22-cv-4305 (N.D. Cal.). Co-lead counsel in this putative class action lawsuit filed on behalf of purchasers of defective AMD central processing units.
- *Smith et al. v. Intel Corp.*, No. 5:23-cv-5761 (N.D. Cal.). Lead counsel in this putative class action lawsuit filed on behalf of purchasers of defective Intel central processing units (as well as purchasers of computers that incorporate those defective central processing units).

### Attorney Profiles

**Yavar Bathaee** (Partner) currently is lead, co-lead, or interim co-lead counsel in several class actions, including *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-8570 (N.D. Cal.), *Biddle, et al. v. The Walt Disney Co.*, No. 5:22-cv-07317 (N.D. Cal.), *Pietosi, et al., v. HP Inc.*, No. 3:22-cv-04273 (N.D. Cal), and *Day, et al., v. Advanced Micro Devices, Inc.*, No. 3:22-cv-04305 (N.D. Cal.), and *Corrente, et al. v. The Charles Schwab Corp.*, 4:22-cv-00470 (E.D. Tex.). Mr. Bathaee has also represented clients in some of the largest class actions, multidistrict litigations, and trials in last decade, including in antitrust, RICO, securities, and bankruptcy cases. Mr. Bathaee holds a bachelor's degree in Computer Science and Engineering from the University of California, Davis, and is a *magna cum laude*, Order of the Coif graduate of Fordham Law School.

**Brian J. Dunne** (Partner) has represented clients in consumer class actions, antitrust cases, and patent cases for more than a decade. He is currently lead counsel in several class actions, including *Pietosi, et al., v. HP Inc.*, No. 3:22-cv-04273 (N.D. Cal), and *Day, et al., v. Advanced Micro Devices, Inc.*, No. 3:22-cv-04305 (N.D. Cal.), and was recently appointed to the Plaintiffs' Steering Committee representing indirect purchasers in MDL No. 3107, *In re Passenger Vehicle Replacement Tires Antitrust Litigation*, No. 5:24-md-03107 (N.D. Ohio). Mr. Dunne holds a bachelor's degree in Physics from Stanford University and graduated with Honors, Order of the Coif, from the University of Chicago Law School, where he was a member of the University of Chicago Law Review. Before private practice, Mr. Dunne clerked for the Hon. Jay S. Bybee of the United States Court of Appeals for the Ninth Circuit and the Hon. Susan P. Read of the New York Court of Appeals.

**Edward M. Grauman** (Partner) is an experienced litigator who has represented plaintiffs and defendants in high-stakes, complex disputes across a wide range of industries and areas of law, from antitrust, securities, and RICO to insurance coverage, environmental, and general commercial matters. Mr. Grauman has successfully represented clients in federal and state courts, government investigations, and arbitral proceedings. His experience across sectors and subject-matter areas gives him a deep understanding of the business considerations involved in large-scale disputes and enables him to provide sound strategic and tactical advice. Mr. Grauman served as managing principal of the Austin office of Beveridge & Diamond. Earlier in his career, he was an associate at Sullivan & Cromwell LLP and Boies, Schiller & Flexner LLP.

**Andrew Chan Wolinsky** (Partner) represents clients in class actions throughout the country. He has represented clients as both plaintiffs and defendants in complex and class cases, including in the areas of consumer protection, antitrust, bankruptcy, commodities, and shareholder rights. He holds an undergraduate degree from Tufts University, graduating *magna cum laude*, and is a *cum*

*laude* graduate of Fordham Law School. Mr. Wolinsky previously served in the Office of the Governor of New York working on matters related to public integrity, and also worked as an associate attorney at Davis Polk & Wardwell LLP and Sullivan & Cromwell LLP. Mr. Wolinsky clerked for the Honorable Loretta A. Preska, then-Chief Judge of the United States District Court for the Southern District of New York and the Honorable Jane R. Roth of the United States Court of Appeals for the Third Circuit.

**Kaki J. Johnson** (Of Counsel) represents plaintiffs in complex litigation, including class actions and antitrust matters, and has experience litigating in federal courts across the country. Ms. Johnson clerked for the Honorable Ivan L.R. Lemelle of the United States District Court for the Eastern District of Louisiana. She is a 2015 graduate of Loyola University New Orleans College of Law, where she earned her degree magna cum laude and received the Warren E. Mouledoux Editor-in-Chief's Award for her work as Articles Editor of the Loyola Law Review. Ms. Johnson is committed to public service and community engagement and recently completed her tenure as Chair of HandsOn New Orleans, an organization dedicated to enriching the New Orleans community. She is admitted to practice in Louisiana and Florida.

**Priscilla Ghita** (Associate) is a 2020 graduate of Wayne State University Law School, graduating *magna cum laude*, Order of the Coif. After graduating law school, she worked at Dickinson Wright, PLLC and clerked for The Hon. Diane D'Agostini, 48th District Court of Michigan. Ms. Ghita has represented both plaintiffs and defendants in complex commercial and class action matters in state and federal courts throughout the country, and taken leading roles at all steps of the litigation. Prior to law school, Ms. Ghita attended Oakland University, from which she graduated *magna cum laude*.

**Allison Watson** (Associate) graduated from UC Davis School of Law in 2019, Order of the Coif. There, she earned a Public Service Law Certificate along with her Juris Doctorate in part for her work with people incarcerated in California State Prisons. She is also a graduate of the University of Nevada, Reno, where she earned a Bachelor of Science degree, magna cum laude, in 2016. Following law school, Ms. Watson clerked for the Honorable Sul Ozerden of the United States District Court for the Southern District of Mississippi. Ms. Watson has experience with class action, consumer protection, and antitrust litigation, and has gained experience litigating technology and consumer class actions with Bathaee Dunne. Ms. Watson is admitted to practice in California and Florida.

**Bryce Talbot** (Associate) represents individuals and businesses in antitrust, class action, and other complex commercial litigation in federal and state courts, and in arbitration. Bryce graduated summa cum laude, Order of the Coif, from the University of Arizona College of Law where he was a managing editor of the Arizona Law Review and a judicial extern for the honorable David Bury of the U.S. District Court. Before joining Bathaee Dunne, Mr. Talbot practiced at a large international law firm litigating complex cases for major corporate clients. Mr. Talbot clerked for Justice John A. Pearce of the Utah Supreme Court and has published articles in multiple peer-reviewed legal journals.

**Felipa Quiroz** (Staff Attorney) has experience in commercial litigation across a range of industries, including oil and gas, pharmaceuticals, technology, and healthcare. Ms. Quiroz has

worked on complex transnational litigation matters, civil and criminal government investigations, compliance, and other regulatory matters. She has worked with clients in the United States and Mexico regarding large-scale government investigations under the Foreign Corrupt Practices Act. Earlier in her career, Ms. Quiroz worked at the Brooklyn Defender Services Immigration Unit, advising clients and public defenders on the consequences of criminal charges. Ms. Quiroz earned her Juris Doctor from the University of California Berkeley School of Law, where she was on the Berkeley La Raza Law Journal and participated in the International Human Rights Law Clinic. Ms. Quiroz has an M.A. in education from the University of Pennsylvania and a B.A. in Romance Languages from Mount Holyoke College, where she graduated *cum laude.*

# EXHIBIT B

# BURKE LLP

402 West Broadway, Suite 1890
San Diego, CA 92101
TEL: 619.369.8244

Burke LLP is widely recognized as a national leader in antitrust and competition law, with a deep bench of attorneys who have successfully litigated some of the most consequential antitrust cases in U.S. history. The firm's lawyers have served in court-appointed leadership roles in complex class actions, representing plaintiffs in cases involving price-fixing, market allocation, bid rigging, and monopolistic practices. Burke's antitrust team is known for its strategic foresight, often identifying and investigating anticompetitive conduct before it becomes the subject of public scrutiny or regulatory enforcement.

Their litigation portfolio spans a diverse array of industries—including financial services, technology, pharmaceuticals, and commodities—where their lawyers have recovered billions of dollars for clients harmed by collusion and market manipulation. Notable victories include a $5.6 billion settlement in the Payment Card Interchange Fee litigation, $2.3 billion in the Foreign Exchange Benchmark Rates case, $590 million in the LBO antitrust litigation, and $504.5 million in the ISDAfix litigation. These outcomes reflect Burke LLP's ability to navigate complex economic theories, coordinate with global experts, and litigate against some of the most powerful corporate defendants in the world.

Burke's lawyers are also known for their trial acumen, having secured favorable verdicts in multi-month jury trials and bench proceedings. Their work has earned praise from federal judges for its professionalism, tenacity, and legal sophistication. Whether representing institutional investors, municipalities, or consumers, Burke LLP approaches each antitrust matter with a commitment to justice, economic fairness, and market integrity.

Burke LLP is distinguished not only by the cases it wins, but by the cases it chooses to pursue. The firm embraces a philosophy of selective engagement, meaning it commits only to matters where its involvement can deliver maximum strategic, legal, and financial impact. This approach reflects a deep respect for the complexity of litigation and a belief that quality of representation far outweighs quantity.

Rather than accepting every opportunity, Burke LLP rigorously evaluates each potential case through a multidimensional lens: legal merit, economic significance, potential for precedent-setting outcomes, and alignment with the firm's values. This ensures that every engagement receives the full force of the firm's intellectual resources, trial experience, and strategic insight.

Clients benefit from this selectivity in tangible ways. Burke's lean docket allows its attorneys to devote extraordinary attention to each matter, often uncovering novel legal theories or procedural advantages that others might miss. It also fosters a culture of collaboration and creativity, where attorneys are empowered to challenge assumptions and craft litigation strategies tailored to each client's goals.

This philosophy has led Burke LLP's lawyers to take on and lead some of the most consequential cases in antitrust, securities, and consumer protection law—cases that have reshaped industries and returned billions to harmed parties. Whether representing a pension fund in a financial benchmark manipulation case or a municipality in a data breach class action, Burke LLP's lawyers' selective engagement ensures that every case is a mission, not just a matter.

# BURKE LLP
www.burke.law

## KEY TEAM MEMBERS

## CHRISTOPHER M. BURKE

Christopher M. Burke is the managing partner at Burke LLP.  Mr. Burke's principal practice is complex antitrust litigation, particularly in the financial services industry.  Mr. Burke received his B.A. from The Ohio State University (1984), his Master's degree from William & Mary (1988), and his M.A. (1989) and Ph.D. (1996) in Political Science from the University of Wisconsin.  He received his law degree from University of Wisconsin (1993).

Mr. Burke recovered over $10 billion on behalf of class members.  *See, e.g.*, *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (S.D.N.Y.) ("FX litigation") ($2.3 billion settlement); *In re GSE Bonds Antitrust Litigation*, No. 19-cv-01704 (S.D.N.Y.) ("GSE litigation") ($386.5 million settlement); *Alaska Electrical Pension Fund v. Bank of America Corp*., No. 14-cv-7126 (S.D.N.Y) ("ISDAfix litigation") ($504.5 million settlement); *Dahl v. Bain Capital Partners*, No. 07-cv-12388 (D. Mass.) ($590.5 million settlement); *In re Currency Conversion Antitrust Litig*ation, MDL No. 1409 (S.D.N.Y.) ($336 million settlement); and *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.) ($5.6 billion settlement).

Mr. Burke has been lead counsel in some of the world's largest financial services antitrust matters.  He is currently serving as co-lead counsel in FX litigation.  He previously served as co-lead counsel in GSE litigation and ISDAfix litigation.  Mr. Burke is currently serving as co-lead counsel in *In re Fragrance Direct Purchaser Antitrust Litigation*, No. 2:23-cv-02174 and *In re Passenger Vehicle Replacement Tires Antitrust Litigation*, No. 5:24-md-3107 pursuing price fixing claims against main manufacturers in the fragrance and tire industries.

Mr. Burke has served as co-lead counsel in *Dahl v. Bain Capital Partners*, No. 07-cv-12388 (D. Mass.) ($590.5 million settlement); A*xiom Investment Advisors, LLC, by and through its Trustee, Gildor Management LLC v. Barclays Bank PLC*, No. 15-cv-09323 (S.D.N.Y.) ($50 million settlement); *In re Currency Conversion Antitrust Litigation*, MDL No. 1409 (S.D.N.Y.) ($336 million settlement); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.) ($5.6 billion settlement); and *LiPuma v. American Express Co*., No. 1:04-cv-20314 (S.D. Fla.) ($90 million settlement).

Mr. Burke was also co-lead counsel for indirect purchasers in *In re Korean Air Lines Co., Ltd. Antitrust Litigation*, MDL No. 1891 (C.D. Cal.) ($86 million settlement), and *In re Prudential Ins. Co. of America SGLI/VGLI Contract Litigation*, No. 11-md-2208 (D. Mass.) ($40 million settlement).  He was one of the original lawyers in the *In re Wholesale Elec*. antitrust cases in California, which settled for over $1 billion.  Mr. Burke also investigated and filed the first complaint in *In re Credit Default Swaps Antitrust Litigation*, No. 13-md-2476 (S.D.N.Y.).

Mr. Burke has extensive trial experiences.  Mr. Burke was lead trial counsel in the FX litigation and one of the trial counsel in *Schwartz v. Visa*, No. 822505-4 (Alameda Cty. Super. Ct.) ($780 million plaintiff's judgment after six months of trial); *In re Disposable Contact Lens Antitrust Litigation*, MDL No. 1030 (M.D. Fla.) ($90 million settlement with final settlements

occurring during trial); *Ross v. Bank of America N.A*., No. 05-cv-7116, MDL No. 1409 (S.D.N.Y.); and *Ross v. American Express Co*., No. 04-cv-5723, MDL No. 1409 (S.D.N.Y.).

Mr. Burke frequently lectures at professional conferences and CLEs on competition matters, including litigation surrounding financial benchmarks, class-barring arbitration clauses, the effects of *Twombly* in 12(b)(6) motions, and the increasing use of experts at class certification and trial.  The American Antitrust Institute ("AAI") honored Mr. Burke with an Outstanding Antitrust Litigation Achievement in Private Law Practice award at their 2020 and 2018 Antitrust Enforcement Awards for efforts in the GSE litigation and ISDAfix litigation, respectively.  In 2014, he was also recognized for his exemplary work in the *Dahl v. Bain Capital Partners* matter by the AAI and has regularly been designated as a Super Lawyer by *Thomson Reuters*.

Mr. Burke has also served as an Assistant Attorney General at the Wisconsin Department of Justice and has lectured on law-related topics, including constitutional law, law and politics, and civil rights at the State University of New York at Buffalo and at the University of Wisconsin. Mr. Burke's book, *The Appearance of Equality: Racial Gerrymandering, Redistricting, and the Supreme Court* (Greenwood, 1999), examines conflicts over voting rights and political representation within the competing rhetoric of communitarian and liberal strategies of justification.

Mr. Burke co-authored an article with Stephanie A. Hackett, David W. Mitchell, Simon J. Wilke, Melanie Stallings Williams, Michael A. Williams, and Wei Zhao, "Masters of the Universe: Bid Rigging by Private Equity Firms in Multibillion Dollar LBOs," 87 U. Cin. L. Rev. 29 (2018).


## AMELIA BURROUGHS

Amelia Burroughs is a partner at Burke LLP. While Amelia has extensive litigation and trial experience across a broad range of subjects, her practice today primarily focuses on employment and healthcare law. She has successfully represented clients in employment cases, including prosecuting and defending whistleblower, wage and hour, discrimination, harassment, and breach of contract cases. She has tried matters, including class actions, before judges and juries across Northern California. She has litigated and tried cases in both federal and state courts, before California's Office of Administrative Hearings, and Berman hearings before the California Labor Commissioner on behalf of employers and employees alike. In addition to litigation, Amelia provides strategic counsel to employers facing complex employee challenges. Amelia's employer client list includes law firms, hospitals, large and small medical groups, California rancherias, breweries, restaurants, real estate firms, hotels, farms, ranches, dairies, and cannabis cultivators, distributors, and retailers.

Admitted to the State Bar of California in 2002, Ms. Burroughs is also licensed to practice in all federal district courts in California. She completed her undergraduate studies at California State University, Sacramento, and earned her Juris Doctor (with Great Distinction) from the University of the Pacific, McGeorge School of Law, in 2002.

An active member of the legal community, Ms. Burroughs serves as the Immediate Past President of the California Academy of Attorneys for Healthcare Professionals. She is also Co-Chair of the Medical Malpractice and Women in Law Committees for the Association of Defense Counsel of Northern California and Nevada. In addition, she is actively involved with the California Women Lawyers (where she previously served on the Board for a decade) and currently serves as President of the Humboldt County Bar Association.

## YIFAN (KATE) LV

Yifan (Kate) Lv is a partner at Burke LLP and a veteran litigator with over ten years of experience representing plaintiffs in complex, high-stakes disputes. Her practice centers on class action litigation, with a particular focus on antitrust matters, where she has secured significant recoveries by deftly navigating intricate legal theories and sophisticated economic issues.

Admitted to the bars of both California and New York, Ms. Lv maintains a robust national litigation practice. She has taken central roles in many complex antitrust class actions, delivering impressive results on behalf of consumers, businesses, and institutional investors. For example, Ms. Lv represents class plaintiffs in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789 (S.D.N.Y.), a case involving allegations of collusion among major financial institutions in the foreign exchange market. That matter secured more than $2.3 billion in settlements, and Ms. Lv served as a key member of the trial team in the jury trial against defendant Credit Suisse.

Renowned for her rigorous analytical skills, Ms. Lv blends strategic legal insight with advanced fluency in economic modeling and data interpretation. She has a remarkable ability to translate intricate statistical and econometric data into clear, compelling legal arguments—an essential strength in litigation centered on complex economic and financial matters. Ms. Lv has successfully led teams of attorneys and expert witnesses, including economists and forensic accountants, fostering collaborations that have produced sophisticated damages models and expert reports capable of withstanding the closest judicial and adversarial examination.

Ms. Lv is a core member of multiple complex antitrust cases where the firm is or has been appointed to leadership positions or has been actively involved. Her current and recent casework includes:

- *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-7789 (S.D.N.Y.) – $2.3 billion settlement
- *In re GSE Bonds Antitrust Litigation*, No. 19-cv-1704 (S.D.N.Y.) – $386.5 million settlement
- *In re Passenger Vehicle Replacement Tires Antitrust Litigation*, No. 5:24-md-03107-SL (N.D. Ohio) – Representing the Direct Purchaser Class
- *In re Fragrance Direct Purchaser Antitrust Litigation*, No. 23-cv-02174 (WJM)(JSA) (D.N.J.)
-

## BURKE LLP
www.burke.law

### ROBIN STEMEN

Robin Stemen is a highly experienced attorney with over 15 years of expertise in litigation management and legal strategy. She is recognized for her ability to navigate complex disputes with accuracy and strategic vision. Robin has successfully coordinated litigation across multiple jurisdictions, collaborating closely with both in-house and external counsel to ensure alignment with business objectives, regulatory standards, and efficient resource deployment. Her disciplined approach to overseeing litigation portfolios enables organizations to maintain legal integrity while advancing operational priorities.

Her legal involvement often begins in the earliest stages of litigation, where she provides critical insight into risk evaluation and strategic resolution planning. Robin's experience spans matters involving data privacy, intellectual property, and commercial licensing, and she is known for delivering pragmatic, business-focused solutions to legal challenges. With a combination of deep legal acumen and executive-level judgment, she remains committed to safeguarding the interests, reputations, and assets of the companies she supports.