1  **BATHAEE DUNNE LLP**                  **DECHERT LLP**
   Yavar Bathaee (CA 282388)             Russell P. Cohen (CA 213105)
2  yavar@bathaeedunne.com                russ.cohen@dechert.com
   Andrew C. Wolinsky (CA 345965)        45 Fremont Street, 26th Floor
3  awolinsky@bathaeedunne.com            San Francisco, CA 94105
   445 Park Avenue, 9th Floor            Tel.: (415) 262-4500
4  New York, NY 10022
5  Tel.: (332) 322-8835                  Julia Chapman (*pro hac vice*)
                                         julia.chapman@dechert.com
6  Brian J. Dunne (CA 275689)            Cira Centre, 2929 Arch Street
   bdunne@bathaeedunne.com               Philadelphia, PA 19104
7  633 West Fifth Street, 26th Floor     Tel.: (215) 994-4000
8  Los Angeles, CA 90071
   Tel.: (213) 462-2772                  *Attorneys for Defendant LinkedIn*
9                                        *Corporation*
   *Attorneys for Plaintiffs and the Proposed*
10 *Class*

11 [Additional counsel on signature page]

12

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                      OAKLAND DIVISION

16 | TODD CROWDER, et al.,      | Case No. 4:22-cv-00237-HSG |

17                Plaintiffs,   | **JOINT CASE MANAGEMENT**

18 v.                           | **STATEMENT**

19 LINKEDIN CORPORATION,        | Hon. Haywood S. Gilliam, Jr.

20                Defendant.    | Hearing Date: January 13, 2026

21                              | Time: 2:00 p.m.

22

23

24

25

26

27

28

On December 17, 2025, as part of the Court's Order Denying Motion for Preliminary Approval (Dkt. No. 135), the Court set a case management conference on January 13, 2026, at 2:00 p.m. Pursuant to Civil Local Rule 16-10(d), counsel for Plaintiffs Todd Crowder, Kevin Schulte, and Garrick Vance and counsel for Defendant LinkedIn Corporation respectfully submit this Joint Case Management Statement in advance of the case management conference.

## 1. Settlement and ADR

### A. Plaintiffs' Position:

Plaintiffs are willing continue to work with LinkedIn to resolve their claims through ADR. However, given the Court's order denying Plaintiffs' motion for preliminary approval, Plaintiffs intend to resume litigating this case consistent with the schedule to be entered by the Court.

### B. Defendant's Position:

LinkedIn remains willing to consider further approaches to resolving this case that are consistent with its views on the merits of Plaintiffs' claims. At the same time, LinkedIn believes that resolution by the Court of critical issues in the case could advance resolution or moot it.

## 2. Scheduling

Plaintiffs and LinkedIn propose the following case schedules. The parties provide a basis for their respective schedules below:

| Event | Plaintiffs' Proposal | LinkedIn's Proposal |
|---|---|---|
| Close of written discovery and substantial completion of document production | | April 17, 2026 |
| Close of fact discovery | October 9, 2026 | June 5, 2026 |
| Deadline for Plaintiffs' consolidated class certification and merits expert disclosures | October 16, 2026 | June 12, 2026 |
| Deadline for Defendant's consolidated class certification and merits expert disclosures | November 6, 2026 | July 10, 2026 |
| Deadline for Plaintiffs' consolidated class certification and merits reply expert disclosures | November 20, 2026 | July 24, 2026 |

| Event | Plaintiffs' Proposal | LinkedIn's Proposal |
|---|---|---|
| Deadline to depose experts | January 8, 2027 | August 21, 2026 |
| Deadline to file *Daubert* motions | January 15, 2027 | September 18, 2026 |
| Deadline to file oppositions to *Daubert* motions | February 5, 2027 | October 16, 2026 |
| Deadline to file replies to *Daubert* motions | February 19, 2027 | October 30, 2026 |
| Hearing on *Daubert* motions | March 18, 2027 | November 12, 2026 |
| Deadline for motion for class certification | March 26, 2027 | TBD following ruling on dispositive motions |
| Deadline to file opposition to motion for class certification | April 23, 2027 | TBD following ruling on dispositive motions |
| Deadline to file reply to motion for class certification | May 7, 2027 | TBD following ruling on dispositive motions |
| Hearing on class certification | June 3, 2027 | TBD following ruling on dispositive motions |
| Deadline to file dispositive motions | May 28, 2027 | September 18, 2026 |
| Deadline to file oppositions to dispositive motions | June 25, 2027 | October 16, 2026 |
| Deadline to file replies to dispositive motions | July 16, 2027 | October 30, 2026 |
| Hearing on dispositive motions | August 12, 2027 | November 12, 2026 |
| Final pretrial conference | November 9, 2027 | TBD following ruling on dispositive motions |
| Jury trial | November 29, 2027 | TBD following ruling on dispositive motions |

### A. Plaintiffs' Position:

Plaintiffs' proposed schedule stages class certification prior to summary judgment, as the Court ordered in its April 18, 2024 Scheduling Order (Dkt. No. 113) and as is ordinarily done, *see* Fed. R. Civ. P. 23(c)(1)(A) (court should decide whether to certify a class "at an early practicable time"). Plaintiffs' schedule also proposes a single fact discovery cut-off for both class and merits discovery, which makes sense considering the significant overlap between class and merits issues in this case. More critical than sequencing, in any event, is that the case schedule adequately account

JOINT CASE MANAGEMENT STATEMENT - CASE NO. 4:22-cv-00237-HSG

1    for the status of LinkedIn's (non-)production of documents to date, and permit sufficient time for

2    LinkedIn to produce the documents necessary to actually adjudicate Plaintiffs' monopolization

3    claims—and for depositions following/along with this document production. The roughly nine

4    months provided by Plaintiffs' schedule is reasonable, if not aggressive. LinkedIn's proposal of

5    less than five months is unworkable, given the status of fact discovery as explained below.

6        When this case settled, LinkedIn had not made any serious production (or as far as Plaintiffs

7    are aware, even collection) of relevant custodial documents from anyone—not the key principals

8    in charge of LinkedIn's private API program and the company's competitive

9    intelligence/benchmarking division; not the decisionmakers overseeing LinkedIn's integration with

10    parent Microsoft's cloud infrastructure; nor from anyone else. In fact, in this complex antitrust

11    action with a class period going back to January 2018, LinkedIn has produced ***only 875 documents***.

12    Nearly all these documents are private API agreements (with ***no*** related communications or

13    custodial emails/messages, internal or with the API counterparties), yet ***LinkedIn has not even***

14    ***produced (or identified in interrogatory responses) all the API agreements at issue in this case***—

15    for example, the Yahoo agreement(s) identified in the First Amended Complaint and discussed on

16    LinkedIn's own public website. *See* First Am. Compl. ¶ 50. And LinkedIn has produced ***no***

17    ***custodial documents*** at all. In this filing, LinkedIn somehow points the finger at Plaintiffs for the

18    company's own refusal to comply with its discovery obligations—in response to timely-served and

19    repeatedly followed-up-on discovery requests by Plaintiffs—but the record is otherwise.

20        On March 21, 2024, the Court lifted a lengthy discovery stay, and on April 18, 2024, entered

21    a Scheduling Order. On June 27, 2024, after receiving no responses to previously-served document

22    requests and interrogatories despite the Court's lifting of the discovery stay, Plaintiffs sent a four-

23    page letter to LinkedIn concerning deficiencies in its document and interrogatory production. In a

24    July 11, 2024 meet-and-confer, LinkedIn committed to supplement its interrogatories and explained

25    its document production was ongoing. After receiving LinkedIn's July 26, 2024 initial document

26    production, Plaintiffs' counsel followed up with emails on July 30, 2024 (E. Grauman) and Aug.

27    1, 2024 (Y. Bathaee). On August 4, 2024, Plaintiffs served a second set of RFPs. On August 21,

28    2024, after receiving another deficient document production from LinkedIn, Plaintiffs sent an email

1   identifying specific gaps in LinkedIn's document and interrogatory production, including with

2   respect to the publicly-identified Apple and Yahoo API agreements. On September 3, 2024,

3   LinkedIn made another document production—again incomplete—and on September 10, 2024,

4   emailed Plaintiffs stating that the individual plaintiffs would need to sign some sort of release or

5   waiver for LinkedIn to complete its interrogatory responses. (T. Leyh email.) After further

6   correspondence throughout September, Plaintiffs on September 27, 2024, provided executed

7   waivers to LinkedIn to "speed along the process" of getting full discovery responses. (A. Wolinsky

8   email.) Later that week, the parties agreed to mediate. The reality belies LinkedIn's claims to the

9   Court: LinkedIn has produced only 875 documents, no custodial documents, and not a single email

10  or message with or about the company's private API counterparties. And no, this was not somehow

11  **Plaintiffs'** doing.

12          So too, with the substance of LinkedIn's claims about its production to date: in the face of

13  *zero* custodial documents and ***known missing private API agreements, including API agreements***

14  ***described in the FAC and acknowledged by LinkedIn itself on its website***, LinkedIn varies

15  omission and outright inaccuracy in its statements to the Court. To wit, LinkedIn ignores the

16  complete lack of custodial documents—including not a single custodial email or message with or

17  about any private API partner—and describes its API production as comprising "all relevant private

18  API agreements." Given that multiple publicly acknowledged private API agreements, including

19  Yahoo's, have not been produced, either the term "relevant" is doing a lot of unexplained work in

20  LinkedIn's statement to the Court, or LinkedIn's statement that "all relevant private API

21  agreements" have been produced is simply untrue. Similarly, LinkedIn's claim about its integration

22  is provably wrong: LinkedIn publicly announced it was moving all its services to Azure in 2019,

23  spent several years and millions of dollars working on this integration, and in December 2023

24  announced to its employees that its so-called "Blueshift" integration with Azure would going

25  forward be only partial. This is all publicly documented,[1] and LinkedIn engineers have continued

26  _____

27  [1] *See, e.g.*, https://www.theregister.com/2023/12/14/linkedin_abandons_migration_to_microsoft/
    ("A LinkedIn spokesperson confirmed that the Microsoft subsidiary changed direction on Blueshift
28  and that LinkedIn continues to use Azure. 'We are using both Azure to complement our

-4-

1    to post about aspects of LinkedIn's integration with Azure after the December 2023 announcement

2    that some aspects of the integration would be reversed or deemphasized going forward.[2] LinkedIn's

3    assertion that it produced documents "confirm[ing] that" the company "never pursued such an

4    integration" is untrue, for two reasons. One, no such documents exist, as the company publicly

5    pursued such an integration,[3] and then after the filing of the FAC publicly affirmed LinkedIn's

6    continued integration with Azure, albeit with reduced scope.[4] Two, LinkedIn hasn't produced ***any***

7    documents pertaining to LinkedIn's Azure integration except for a handful of company

8    announcements about "pausing" and limiting the "Blueshift" initiative, while continuing significant

9    integrations with Azure as to CDN servers (FrontDoor), employee applications and infrastructure,

10   and large numbers of key microservices (among other things).

11         While LinkedIn now promises to substantially complete its productions in response to

12   Plaintiffs' outstanding document requests by mid-April 2026, its near-complete failure to

13   meaningfully engage in discovery to date belies that promise. And even if LinkedIn could do what

14   it now vaguely promises (LinkedIn tellingly does not commit to specifics of what it actually intends

15   to produce), its proposed early June 2026 discovery cut-off would not allow for necessary document

16   review, follow-up discovery requests, and likely motion practice given LinkedIn's past behavior

17   vis-à-vis fact discovery.

18

19

20

21

22

23   infrastructure needs . . . . This includes our running 100 employee-facing applications on Azure,
     leveraging Azure FrontDoor and ongoing work to consolidate our datacenter locations . . . . Azure
24   has been crucial to support and scale collaboration and productivity for our teams and to deliver
     value to our members.").
25   [2]   *See, e.g.*, https://www.linkedin.com/blog/engineering/architecture/navigating-the-transition-
     adopting-azure-linux-as-linkedins-operatingsystem (Aug. 19, 2024);
26   https://www.linkedin.com/blog/engineering/analytics/grafli-an-out-of-the-box-azure-monitoring-
     visualization-platform (Mar. 28, 2024).
27   [3] *See, e.g.*, https://www.linkedin.com/blog/engineering/infrastructure/building-next-infra.
28   [4] *See supra* at nn. 1-2.

JOINT CASE MANAGEMENT STATEMENT - CASE NO. 4:22-cv-00237-HSG

**B.  Defendant's Position:**

Plaintiffs have demonstrated a complete lack of diligence in pursuing their claims—they chose to do little during the six months of fact discovery that already took place, and should not be given 10 more months of discovery to delay things further.

As explained below, Plaintiffs' excessively drawn-out proposed case schedule completely disregards the Court's previous schedule and the six months of discovery already completed, and only serves to put off any case-dispositive rulings.  This case has been pending since January 2022. The Court has previously expressed its concerns regarding Plaintiffs' core antitrust theory (see Dkt. 95).  In its Order denying the Motion to Dismiss Plaintiffs' Amended Complaint, the Court noted that it could not, at the motion to dismiss stage, consider the API agreements LinkedIn produced to Plaintiffs.  Dkt. 95 at 5, n.1.  However, the Court observed: "it seems plain that at least the agreements proffered so far simply do not contain the sort of outright agreement not to compete that is alleged in the FAC.  Given this seeming mismatch, the Court will consider whether an early summary judgment motion on this point may be warranted."  Dkt. 95 at 5, n.1.  LinkedIn's production of *all* relevant Private API Agreements, *see supra*, confirms the Court's concerns as they, at most, contain terms similar to those already reviewed by the Court and do not support Plaintiffs' baseless assertions of a market division or agreements not to compete. [5]

In addition, the second prong of Plaintiffs' claim—its allegations that LinkedIn integrated its user data with parent company Microsoft's Azure cloud computing system—is wrong as a matter of fact (let alone as a matter of law) because LinkedIn never pursued such an integration and provided production documents on July 26, 2024 to confirm that.

Given these fatal deficiencies, and with the discovery conducted to date, this case could be resolved on the merits with only limited additional discovery under a relatively short timeline.[6]  In

---

[5] Plaintiffs have focused on the "Non-Use of LinkedIn API Provision" present in certain private API agreements LinkedIn maintains with partners.  Plaintiffs' Unopposed Motion for Preliminary Approval, Dkt. 129; Plaintiffs' Supplemental Brief Regarding LinkedIn's Motion to Dismiss First Amended Class Action Complaint at 1, Dkt. 86.

[6] The Court indicated in its denial of LinkedIn's Motion to Dismiss that it would consider whether early summary judgment would be warranted.  Dkt. 95 at 5, n.1.  LinkedIn is also amenable to the

1  support of LinkedIn's proposed schedule, LinkedIn provides the following summary of the

2  discovery that has occurred to date and what remains pending, and why it proposes prioritizing

3  summary judgment.

4          i.      Discovery To Date

5          In this Case Management Statement, Plaintiffs for the ***first time claim*** to take issue with

6  LinkedIn's discovery—in service of the protracted discovery schedule they propose.  But their

7  purported laundry list of LinkedIn's discovery deficiencies is belied by the discovery record and

8  called into question by the fact that they have never once raised this concern with LinkedIn (or the

9  Court) before today.

10         On April 18, 2024, the Court entered a schedule in which Plaintiffs' class certification

11  expert disclosures and class certification motion were due less than ten months later, on January 9,

12  2025.  Accordingly, between that date and when settlement discussions began in earnest in early

13  October 2024, Plaintiff had almost six months to pursue discovery.  Any case schedule should take

14  that time into account.

15         A brief overview of the discovery that occurred during that time follows.  On May 24, 2024,

16  LinkedIn served Supplemental Responses and Objections to Plaintiffs' First Set of Requests for

17  Production, which Plaintiffs originally served on May 27, 2022 and which LinkedIn initially

18  responded to on June 27, 2022, prior to the adjudication of LinkedIn's motions to dismiss.  In

19  response to Plaintiffs' First Set of Request for Production, LinkedIn produced all Private API

20  Agreements negotiated with LinkedIn partners permitting access to LinkedIn member data that

21  were in effect on or after January 13, 2018, any amendments to those agreements, and any

22  documents linked or referenced in those agreements.  These were the only relevant agreements:

23  certain Private API Agreements, such as with Yahoo and Apple, fell outside of the relevant time

24  period for discovery, as LinkedIn informed Plaintiffs by email on August 23, 2024 (with no

25  response).  Plaintiffs have not, until now, raised any objection to the scope of the API Agreement

26  _____

27  Court addressing the merits based on the briefing and discovery already before the Court, as well
    as the additional Private API Agreements that LinkedIn has produced to Plaintiffs, provided
    LinkedIn may still move for summary judgment on additional grounds if such early summary

28  judgment motion were denied.

1    production.  LinkedIn substantially completed its production on August 23, 2024, having produced

2    over 11,000 pages.[7]

3          LinkedIn agreed during the meet-and-confer process in July 2024 to provide

4    communications related to the produced agreements for 10-15 partners of Plaintiffs' choice as well

5    as communications related to violations of the API Terms of Use for a select group of partners of

6    Plaintiffs' choosing.  The problem was that Plaintiffs never bothered to respond to LinkedIn's offer;

7    LinkedIn asked on at least two occasions for this list of partners from Plaintiffs.  Plaintiffs never

8    provided one.

9          On August 4, 2024, Plaintiffs served their Second Set of Requests for Production to

10   LinkedIn.  In their Second Set of Requests, Plaintiffs requested (RFP 5) all documents related to

11   competition faced by LinkedIn in online professional networking and/or online social networking

12   services; (RFP 6) all documents concerning investigations by regulators relating to Microsoft's

13   acquisition of LinkedIn, or any potential, suspected, or actual violation of competition laws;

14   (RFP 7) all documents concerning any antitrust analysis or concerns regarding Microsoft's

15   acquisition of LinkedIn; (RFP 8) all documents concerning any analysis of or business case for

16   Microsoft Corporation's acquisition of LinkedIn; (RFP 9) all documents concerning any actual,

17   potential, or contemplated price increases for LinkedIn Premium services or account-feature

18   upgrades; (RFP 10) all documents, including sales data, related to prices paid by any user for any

19   LinkedIn Premium services or account-feature upgrades; and (RFP 11) all documents concerning

20   LinkedIn's costs, revenues, and profits associated with LinkedIn's sales in the United States of

21   LinkedIn Premium services or any upgraded account features.  LinkedIn served its Responses and

22   Objections on September 3, 2024, objecting to RFPs 6, 7, and 8, but agreeing to produce documents

23   related to RFPs 5, 9, 10, and 11 and to meet and confer regarding the scope of those productions.

24   Plaintiffs ignored LinkedIn's offer to meet and confer to determine the scope of its production.

25          In addition to document discovery, Plaintiffs served six Interrogatory Requests on LinkedIn

26   on May 27, 2022, largely requesting information overlapping with Plaintiffs' document requests

27

28   [7] LinkedIn objected to producing documents relating to claims that had been dismissed from the
     case.

1   including identifying LinkedIn's APIs, LinkedIn's Partners, and violations of LinkedIn's API

2   Terms of Use.  On June 27, 2022, LinkedIn served Responses and Objections to those requests and

3   has updated its responses twice.

4         LinkedIn has also taken discovery from Plaintiffs, including a First Set of Requests for

5   Production to Plaintiffs on May 24, 2024, and Interrogatory Requests on June 7, 2024.

6             ii.    <u>Overlap Between Class Certification and Merits</u>

7         The discovery taken to date by Plaintiffs has involved substantial, if not complete, overlap

8   between the discovery necessary for class certification and discovery on the merits.  For example,

9   Plaintiffs have had six months of discovery, and during that time sought information about the API

10  agreements and their negotiation, which are relevant to whether those agreements contain

11  anticompetitive restraints as alleged.  Additionally, Plaintiffs have sought information about

12  LinkedIn's competition including market shares as well as LinkedIn's pricing and sales data, which

13  are relevant to market and monopoly power as well as any alleged anticompetitive effect.

14            iii.    <u>Outstanding Discovery</u>

15        Plaintiffs' request for an additional 10 months of fact discovery is unnecessary and

16  inappropriate given the discovery provided and propounded to date.  Plaintiffs have already

17  propounded discovery regarding LinkedIn's API agreements, the communications associated with

18  the negotiation of those agreements, potential violations of LinkedIn's API Terms of Use,

19  LinkedIn's competition, LinkedIn's financial and sales data, and information on price increases.

20  Those outstanding productions can be substantially completed by April 17, 2026, with depositions

21  to follow.  To the extent Plaintiffs seek any third-party discovery, they should also complete that

22  promptly.[8]

23            iv.    <u>Prioritization of Merits Disposition</u>

24        In order to expedite the resolution of this case, and in recognition of the Court's previously

25  expressed concerns regarding the merits of Plaintiffs' challenge to LinkedIn's Private API

26  agreements, LinkedIn's proposed schedule contemplates prioritizing a merits determination on the

27

28  [8] Plaintiffs issued a third-party subpoena to Hootsuite on June 12, 2024.

1   core antitrust issues relating to those agreements.  At the same time, in order to avoid delay,

2   LinkedIn proposes that both fact discovery and expert discovery focus on merits and class

3   certification issues simultaneously, with all fact and expert discovery completed before the Court

4   hears dispositive motions.

5          Under the schedule proposed by LinkedIn, the Court could resolve whether the challenged

6   agreements are anticompetitive before the end of 2026.  If it finds they are not, the case will be

7   resolved.  If, however, the Court determines that summary judgment is not warranted, the parties

8   can proceed to address class certification issues based on the fact record and expert reports that will

9   have already been completed.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT - CASE NO. 4:22-cv-00237-HSG

1    Dated: January 6, 2026            Respectfully submitted,

2

3                                           By: */s/ Brian J. Dunne*
                                            Brian J. Dunne

4

5    **BURKE LLP**                       **BATHAEE DUNNE LLP**
   Christopher M. Burke (CA 214799)      Brian J. Dunne (CA 275689)

6    cburke@burke.law                bdunne@bathaeedunne.com
   Yifan (Kate) Lv (CA 302704)        Edward M. Grauman (*pro hac vice*)

7    klv@burke.law                  egrauman@bathaeedunne.com
   402 West Broadway, Suite 1890      901 South MoPac Expressway

8    San Diego, CA 92101              Barton Oaks Plaza I, Suite 300
   Tel: (619) 369-8244              Austin, TX 78746

9                                       (213) 462-2772
   **KOREIN TILLERY P.C.**

10    Carol L. O'Keefe (*pro hac vice*)
   cokeefe@koreintillery.com         Yavar Bathaee (CA 282388)

11    505 North 7th Street, Suite 3600     yavar@bathaeedunne.com
   St. Louis, MO 63101              Andrew C. Wolinsky (CA 345965)

12    Tel.: (314) 241-4844             awolinsky@bathaeedunne.com
                                      445 Park Avenue, 9th Floor

13                                       New York, NY 10022
                                      (332) 322-8835

14

15                                       *Attorneys for Plaintiffs and the Proposed Class*

16

17                                       By: */s/ Russell P. Cohen*
                                        Russell P. Cohen

18

19                                       **DECHERT LLP**
                                      Russell P. Cohen (CA 213105)

20                                       russ.cohen@dechert.com
                                      45 Fremont Street, 26th Floor

21                                       San Francisco, CA 94105
                                      Tel.: (415) 262-4500

22

23                                       Julia E. Chapman (*pro hac vice*)
                                      julia.chapman@dechert.com

24                                       Cira Centre, 2929 Arch Street
                                      Philadelphia, PA 19104

25                                       Tel.: (215) 994-4000

26                                       *Attorneys for Defendant LinkedIn Corporation*

27

28

**FILER ATTESTATION**

I am the ECF user who is filing this document. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.


Dated: January 6, 2026                    By:    */s/ Brian J. Dunne*
                                                  Brian J. Dunne

JOINT CASE MANAGEMENT STATEMENT - CASE NO. 4:22-cv-00237-HSG