UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TODD CROWDER, et al., | Case No. 22-cv-00237-HSG (LB) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| LINKEDIN CORPORATION, | Re: ECF No. 217 |
| Defendant. | |

**INTRODUCTION**

In this putative class action, the plaintiffs — subscribers to LinkedIn's premium services — claim monopolization and attempted monopolization in an alleged social-networking market by (1) offering potential rivals access to LinkedIn's private user data through application-programming interfaces (API) unavailable to others, on the condition that the rivals do not compete with LinkedIn, and (2) integrating LinkedIn's user data with parent company Microsoft's Azure cloud product, thereby "tying up and driving up prices for scarce hardware resources."[1]

The parties have a discovery dispute about LinkedIn's Azure-related production. The plaintiffs contend that LinkedIn's Azure-related production to date is inadequate. They seek an order

---

[1] Order Den. Prelim. Approval – ECF No. 135 at 1–2 (summarizing complaint). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

ORDER – No. 22-cv-00237-HSG (LB)

compelling LinkedIn to produce, within fourteen days, all documents responsive to RFP Nos. 13–16 (which concern Azure), including Joseph Baribeau's custodial files and the files of any other custodian with knowledge of Azure-related finances.[2] LinkedIn opposes the request. It denies that the alleged Azure migration ever occurred, and it contends that it has complied with the court's previous order on April 6, 2026, which directed LinkedIn to produce documents sufficient to show that the migration was never restarted and the extent of LinkedIn's use of Azure.[3] It asks the court to (1) deny the plaintiffs' motion to compel and (2) "to the extent necessary, permit the parties to proceed to a Rule 30(b)(6) deposition on Azure" as contemplated by the court's previous order. It also reserves the right to seek fees and costs under Federal Rule of Civil Procedure 37(a)(5) and 28 U.S.C. § 1927.[4]

The parties met and conferred on June 9, 2026, and were unable to reach a resolution.[5] The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

The court denies the plaintiffs' motion to compel without prejudice. The parties are ordered to take the next steps contemplated by the court's previous discovery order related to this dispute: the parties must proceed with a Rule 30(b)(6) deposition on the Azure topic.[6] The plaintiffs may renew their motion after the Rule 30(b)(6) deposition upon a showing that LinkedIn's Azure-related production and deposition testimony are inadequate. LinkedIn may choose to pursue fees and costs under Rule 37(a)(5) and 28 U.S.C. § 1927 by separate motion at a later date.

## STATEMENT

The following statement summarizes relevant facts and procedural history bearing on the current dispute before the court.

---

[2] Disc. Letter Br. – ECF No. 217 at 3.

[3] Order – ECF No. 170 at 9.

[4] Disc. Letter Br. – ECF No. 217 at 5.

[5] *Id.* at 1.

[6] Order – ECF No. 170 at 9.

United States District Court
Northern District of California

**1.   The Alleged Azure Migration**

The operative complaint challenges two categories of alleged anticompetitive conduct: (1) LinkedIn's conditioning access to its private APIs on certain partners' agreement not to compete with it, and (2) LinkedIn's migration of its cloud-computing operations to Microsoft Azure.[7] The second category of conduct is relevant to the current dispute. The operative complaint alleges that LinkedIn's migration of its computing infrastructure to Azure fortified the alleged Data, Machine Learning, and Inference Barrier to Entry (DMIBE) and foreclosed potential entrants' ability to enter and compete in the U.S. Professional Social Networking Market (PSNM).[8] LinkedIn has repeatedly denied that the alleged Azure migration ever occurred.[9]

**2.   The Parties' Previous Discovery Dispute and the Court's April 6, 2026, Discovery Order**

In a previous discovery dispute, the plaintiffs sought to add Jospeh Baribeau as a custodian based on his purported involvement with the finances of LinkedIn's Azure migration.[10] The plaintiffs contended that Mr. Baribeau's custodial files are relevant to RFP Nos. 13–16, which target all documents concerning: "the orchestration and/or deployment of LinkedIn on Azure" (RFP No. 13); "LinkedIn's transition to or use of the Azure Linux operating system" (RFP No. 14); "the adoption, announcement, attempted or actual deployment, pause, scope and/or reversal of LinkedIn's 'Blueshift' transition to Azure" (RFP No. 15); and "the prices, costs, and accounting for LinkedIn's use of Azure for hosting and/or provision of LinkedIn content, back-end or front-end services, microservices, Content Distribution Network deployment, machine learning/AI, and/or employee/engineering apps or services" (RFP No. 16).[11] LinkedIn opposed, arguing that

---

[7] Order Den. Prelim. Approval – ECF No. 135 at 1–2 (summarizing complaint).

[8] First Am. Compl. – ECF No. 65 at 57–65 (pp. 54–62) (¶¶ 279–325).

[9] Disc. Letter Br. – ECF No. 217 at 3; Disc. Letter Br. – ECF No. 162 at 8–9.

[10] Disc. Letter Br. – ECF No. 162 at 2; Order – ECF No. 170 at 8.

[11] Disc. Letter Br. – ECF No. 162 at 2; RFP Nos. 13–16 – ECF No. 162-1 at 8–9.

ORDER – No. 22-cv-00237-HSG (LB)                    3

adding Mr. Baribeau as a custodian would be "disproportionate because the finances of a migration that never occurred are irrelevant."[12]

On April 6, 2026, the court denied the plaintiffs' request and instead ordered LinkedIn to produce documents "sufficient to show the scope and status of the Azure migration."[13] The court ordered:

> LinkedIn will produce documents showing (1) the migration was never restarted and (2) the extent of its use of Azure. It suggests a Rule 30(b)(6) deposition. For now, the court orders that compromise, with the proviso that there should be a full illumination through the document production of the core requests in RFP Nos. 13–16 and an illustration of LinkedIn's representation that there is no point in designating a custodian for the finances of a migration that 'never occurred.' Then, a Rule 30(b)(6) deposition on the Azure topic can illuminate the document production. Any further discovery issues can be taken up after that deposition.[14]

The court further provided that "[i]f LinkedIn's production proves inadequate, the plaintiffs may seek further relief, including the addition of Baribeau or another custodian with knowledge of Azure-related finances."[15]

### 3. LinkedIn's Two-Document Production

On May 29, 2026, LinkedIn produced two documents in response to the court's order: (1) a five-page email thread from 2022 and one subsequent redacted email from April 2026 and (2) a spreadsheet.[16] On June 4, 2026, the plaintiffs asked LinkedIn if the two documents represented the entirety of its Azure-related production; LinkedIn did not respond. On June 9, 2026, the parties met and conferred and LinkedIn represented that it had completed its Azure-related production in compliance with the court's April 6, 2026, order. It confirmed this position in writing the next day.[17]

---

[12] Disc. Letter Br. – ECF No. 162 at 5.

[13] Order – ECF No. 170 at 2.

[14] *Id.* at 9.

[15] *Id.*

[16] Disc. Letter Br. – ECF No. 217 at 2 (citing LI_CROWDER_00145817, LI_CROWDER_00145822).

[17] *Id.*

United States District Court
Northern District of California

**LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). "The test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery has the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Under Rule 26(b), the court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

**ANALYSIS**

**1.   The Court's Previous Order on April 6, 2026, Resolves the Dispute**

The joint discovery letter brief before the court contains extensive arguments from both parties about the status of the Azure migration, whether it occurred, and what the documents in

LinkedIn's production show (or do not show) about its use of Azure.[18] The court declines to parse these arguments and the parties' cited documents at this time. As the court has already stated, "[w]hether that migration was completed, paused, or partially executed is a disputed factual question relevant to the plaintiffs' § 2 claims," and "[t]he plaintiffs are entitled to test what actually happened through discovery."[19] But the court's April 6, 2026, order also provided clear steps for the parties' Azure-related disputes: as a "starting point," LinkedIn would produce documents "sufficient to show the scope and status of the Azure migration"; after LinkedIn made that production, the parties would proceed with a Rule 30(b)(6) deposition on the Azure topic to "illuminate the document production"; and after that deposition, the court would take up any further discovery issues.[20] The current dispute is therefore resolved by this discovery plan: the parties' next step is to proceed with a Rule 30(b)(6) deposition on the Azure topic.

The plaintiffs argue that they have not yet taken a Rule 30(b)(6) deposition concerning Azure because "LinkedIn has not yet provided its court-ordered document production on the subject" and "[d]eposing a corporate witness about two documents, when a prior order compelled a 'full illumination,' would not be a productive use of time and resources and would likely require a corrective re-deposition."[21] But LinkedIn represents that its production satisfies the court's order, which only required it to produce documents "sufficient to show the scope and status of the Azure migration."[22] There is no rule about how many documents it takes to make such a showing. To the extent the plaintiffs believe that LinkedIn's two-document production is not a "full illumination" of the core requests in RFP Nos. 13–16, they can test that theory through the Rule 30(b)(6) deposition. In absence of any showing that LinkedIn has acted in bad faith and in light of LinkedIn's representation that its production satisfies the court's prior order, the court denies the

---

[18] *Id.* at 3–5.

[19] Order – ECF No. 170 at 9 (citing *Strike 3 Holdings, LLC v. John Doe Subscriber*, No.: 21-cv-63-AJB-AHG, 2022 WL 22898319, at *3 (S.D. Cal. July 23, 2022)).

[20] *Id.*

[21] Disc. Letter Br. – ECF No. 217 at 2 n.2.

[22] Order – ECF No. 170 at 9.

plaintiffs' request for additional Azure-related production and custodians as premature. The plaintiffs may revisit their motion to compel after the Rule 30(b)(6) deposition upon a showing that LinkedIn's Azure-related production and deposition testimony is inadequate.

## CONCLUSION

The plaintiffs' motion to compel is denied without prejudice. The parties are ordered to proceed with a Rule 30(b)(6) deposition on the Azure topic. The plaintiffs must serve their Rule 30(b)(6) deposition notice within two weeks of this order. After the Rule 30(b)(6) deposition occurs, the plaintiffs may renew their motion to compel upon a showing that LinkedIn's Azure-related production and Rule 30(b)(6) deposition testimony is inadequate.

The court does not need to rule on LinkedIn's reservation of the right to seek fees and costs. Having reserved the right to pursue relief, LinkedIn may later choose to pursue fees and costs under Rule 37(a)(5) and 28 U.S.C. § 1927 by separate motion.

This resolves ECF No. 217.

**IT IS SO ORDERED.**

Dated: July 31, 2026

_____
LAUREL BEELER
United States Magistrate Judge