UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TODD CROWDER, et al., | Case No. 22-cv-00237-HSG (LB) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| LINKEDIN CORPORATION, | Re: ECF No. 220 |
| Defendant. | |

**INTRODUCTION**

In this putative class action, the plaintiffs — subscribers to LinkedIn's premium services — claim monopolization and attempted monopolization in an alleged social-networking market by (1) offering potential rivals access to LinkedIn's private user data through application-programming interfaces (API) unavailable to others, on the condition that the rivals do not compete with LinkedIn, and (2) integrating LinkedIn's user data with parent company Microsoft's Azure cloud product, thereby "tying up and driving up prices for scarce hardware resources."[1]

The parties have a discovery dispute about whether LinkedIn must search for, identify, and produce documents that correspond to hyperlinks appearing in produced emails. The plaintiffs

---

[1] Order Den. Prelim. Approval – ECF No. 135 at 1–2 (summarizing complaint). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

United States District Court
Northern District of California

contend that LinkedIn has not produced any hyperlinked documents and that the absence of such files leaves a substantive hole in the case: LinkedIn employees routinely send each other documents via hyperlink, rather than as static email attachments. The plaintiffs contend that produced emails show conveyance of hyperlinked documents that are relevant to the plaintiffs' claims, including strategy presentations, financial analysis and reporting, and other corporate planning documents. The plaintiffs seek an order compelling LinkedIn to produce up to seventy-five hyperlinked files (as identified by the plaintiffs) per week. They contend that the burden to LinkedIn of producing hyperlinked documents is proportional to the needs of the case given the relevance of these documents.[2]

LinkedIn opposes the request. It responds that the plaintiffs' request would be unduly burdensome: because the contents at a hyperlink's location are dynamic, the version of a hyperlinked document today may be different from the version contemporaneous with the corresponding produced email. It argues that the process of identifying, locating, and potentially reconstructing a prior version of a hyperlinked file is therefore "a complex forensic exercise, not a routine retrieval."[3] LinkedIn separately argues that whether it must produce hyperlinked files depends on if the files are "attachments" or documents "embedded within other documents" under the ESI order (and, it argues, they are not).[4] LinkedIn offers to investigate a total of fifty hyperlinked documents identified by the plaintiffs (twenty-five now, and twenty-five at a later date), and to produce any corresponding documents it can find and verify.[5]

The parties met and conferred in May and June 2026, and they exchanged written correspondence regarding the dispute throughout June and July 2026; they are at an impasse.[6] The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

---

[2] Disc. Letter Br. – ECF No. 220 at 1–3.

[3] *Id.* at 3–4.

[4] *Id.* at 5; ESI Order – ECF No. 61 at 6 (¶ 6(e)).

[5] Disc. Letter Br. – ECF No. 220 at 5. LinkedIn also reserves the right to seek fees and costs. *Id.* As the court previously said, LinkedIn may later choose to pursue fees and costs by separate motion. Order – ECF No. 222 at 7.

[6] Disc. Letter Br. – ECF No. 220 at 1.

ORDER – No. 22-cv-00237-HSG (LB)                    2

United States District Court
Northern District of California

The produced documents identified and relied on by the plaintiffs support that their requested discovery is relevant, but the burden their request would impose on LinkedIn is substantial. The court finds a compromise between the parties' proposals to be reasonable: LinkedIn must investigate and produce, to the extent available, up to one hundred hyperlinked documents, as identified by the plaintiffs. If the requested document has already been produced or withheld as privileged, LinkedIn must identify it by Bates number or privilege log entry number. If the requested document is not available, LinkedIn must provide confirmation of such in writing.[7]

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). "The test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery has the burden of showing

---

[7] Order – ECF No. 202 at 14–15; Disc. Letter Br. – ECF No. 220 at 4.

ORDER – No. 22-cv-00237-HSG (LB)                    3

that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Under Rule 26(b), the court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

**ANALYSIS**

LinkedIn argues that it has no obligation under the ESI order to search for and produce hyperlinked files because hyperlinks refer to separate locations, not attached data, and therefore the files are not "attachments" or documents "embedded within other documents."[8] Courts in this district have come out in different ways on whether hyperlinked documents are the same as attachments to emails. *Compare In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB (LJC), 2025 WL 678543, at *1 (N.D. Cal. Mar. 3, 2025), *with UAB "Planner5D" v. Meta Platforms, Inc.*, 746 F. Supp. 3d 806, 808 (N.D. Cal. 2024). Even so, opinions addressing the issue consistently ground their analysis in the same concern: the burden imposed by production of hyperlinked documents. *In re Uber*, 2025 WL 678543, at *1; *UAB*, 746 F. Supp. 3d at 808; *Epic Games, Inc. v. Apple Inc.*, 20-CV-05640-YGR (TSH), Dkt. 192 at 6 (N.D. Cal. Dec. 16, 2020); *In re Google RTB Consumer Privacy Litig.*, 2023 WL 12088695, at *1 (N.D. Cal. Apr. 21, 2023). Consistent with these decisions, the court analyzes the plaintiffs' request for the burden it would impose on LinkedIn without deciding whether hyperlinked documents fall under Section 6(e) of the ESI order.

Requiring LinkedIn to investigate and produce (to the extent available) seventy-five hyperlinked documents per week (presumably through the end of fact discovery on September 18, 2026, though the plaintiffs do not provide an end date) would impose an undue burden on LinkedIn.[9] Investigating, verifying, and producing contemporaneous versions of hyperlinked documents associated with produced emails requires an involved forensic search, even with

---

[8] Disc. Letter Br. – ECF No. 220 at 5 (citing ESI Order – ECF No. 61 at 6 (¶ 6(e)).

[9] Am. Scheduling Order – ECF No. 143.

modern e-discovery tools.[10] But the plaintiffs have pointed to produced documents supporting that at least some of the hyperlinked files they seek are directly relevant to the issues in the case.[11] Some amount of discovery is therefore warranted. And LinkedIn's proposed ceiling of fifty hyperlinked documents is too little; the plaintiffs have already provided LinkedIn with forty-six hyperlinks to date.[12]

A reasonable approach therefore lies between the parties' positions: LinkedIn must investigate and produce, to the extent available, up to one hundred hyperlinked documents, as identified by the plaintiffs. This number of hyperlinks is proportional to the needs of the case, given the plaintiffs' showing of relevance and identification of forty-six hyperlinks so far, and aligns with decisions in other class actions in this district. *See In re Google*, 2023 WL 12088695, at *2 (ordering Google to investigate 338 requested hyperlinks). If a requested document has already been produced, LinkedIn must identify it by Bates number; if withheld as privileged, LinkedIn must identify the document by privilege log entry number. If the requested document is not available, LinkedIn must confirm the document's unavailability in writing. And, consistent with the court's July 1, 2026, order, if the requested document relates to LinkedIn's *Klein* production, LinkedIn is not required to investigate the document, though LinkedIn still must confirm in writing that the document is not available for production.[13]

## CONCLUSION

This resolves ECF No. 220.

**IT IS SO ORDERED.**

Dated: July 31, 2026

LAUREL BEELER
United States Magistrate Judge

---

[10] Disc. Letter Br. - ECF No. 220 at 3–4 (making this point).

[11] *Id.* at 1–2 (discussing specific produced documents).

[12] *Id.* at 2.

[13] Order – ECF No. 202 at 14–15; *see also* Disc. Letter Br. – ECF No. 220 at 4.

United States District Court
Northern District of California