United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN SCHULTE, et al.,
Plaintiffs,
v.
LINKEDIN CORPORATION,
Defendant.

Case No. 22-cv-00237-HSG

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**

Re: Dkt. No. 247

Pending before this Court is Defendant's Administrative Motion to File Under Seal related to its Motion for Relief from a Non-Dispositive Pretrial Order of a Magistrate Judge. Dkt. Nos. 246–47. No opposition was filed. *See* N.D. Cal. Civ. L.R. 7-11(b), 79-5(c). The Court **GRANTS IN PART** and **DENIES IN PART** the motion for failure to narrowly tailor various sealing requests. Civ. L.R. 79-5(c)(3).

Courts generally apply the "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (*quoting Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* But records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099, 1101 (9th Cir. 2016) (citations omitted); *see Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (quotation omitted). "Broad allegations of harm, unsubstantiated by

specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

The good cause standard applies to this sealing motion because the underlying motion for relief addresses a non-dispositive pretrial deposition discovery order that is "tangentially related to the underlying cause of action." *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2025 WL 460065, at *2 (N.D. Cal. Jan. 27, 2025). There are "compelling reasons," and thus "good cause," to seal "sensitive financial information" that "would allow a competitor an unfair advantage" "by allowing them to glean otherwise confidential information about" a party's "strengths and areas for improvement in various geographic areas and market segments that is not otherwise available to the public." *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (quotations omitted). Thus, courts have sealed "license agreements, financial terms, details of confidential licensing negotiations, and business strategies," as well as "confidential and proprietary business, sales, or licensing information, including the identities of the customers who subscribe to Defendant's database and Defendant's financial performance and company strategy." *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1–2 (N.D. Cal. June 1, 2020) (collecting cases and quotations omitted). Further, in some cases, employees' personally identifiable information may be sealable where "not relevant to the merits." *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021).

The Court rules as follows:

//

//

//

//

//

//

//

//

United States District Court
Northern District of California

| Docket No. | Document | Proposed Portion(s) to be Sealed | Ruling |
|---|---|---|---|
| Dkt. Nos. 246 / 247-2 | Motion for Relief from Non-dispositive Pretrial Order of Magistrate Judge, filed August 17, 2026. | Redactions as highlighted in Exhibit A to this motion. | **GRANTED IN PART** and **DENIED IN PART** as follows:<br><br>There is no good cause to seal: 4:19 parenthetical related to -173967; first clause of the first sentence of 4 n.6; 4 n.6 parenthetical related to -00188009; 5:1; 5:11; and 5 n.7 parentheticals related to -00155549, -211971. These contain high-level, general descriptions of underlying documents that do not in of themselves reveal any "strengths and areas for improvement" for Defendant, or any details about "proprietary business" activities, and are therefore not "particularized," narrowly tailored proposed redactions of sealable material. Civ. L.R. 79-5(c)(3); *Gen. Motors*, 307 F.3d at 1210–11; *Hunt*, 2015 WL 5355398, at *2; *Snapkeys*, 2021 WL 1951250, at *3; *Exeltis*, 2020 WL 2838812, at *1–2.<br><br>Conversely, there is good cause to seal: 4:18–19 parenthetical related to -00174719; second clause of the first sentence of 4 n.6; 5:3–5; and 5 n.7 parenthetical related to -191393. *Cf. id.* |
| Dkt. Nos. 246-1 / 247-3 | Exhibit 1 to Motion for Relief from Non-dispositive Pretrial Order of Magistrate Judge, filed August 17, 2026. | Sealed in its entirety. | **GRANTED** as follows: There is good cause to seal this information, as it is related to business "strengths and areas for improvement," "proprietary business, sales, or licensing information," and contains employees' personally identifiable information. *Id.* |

//

//

//

//

//

//

//

The Court **GRANTS IN PART** and **DENIES IN PART** the motion for failure to narrowly tailor various sealing recommendations. Dkt. No. 247. By September 10, 2026, Defendant **SHALL** file on the public docket a redacted version of the Motion for Relief from a Non-Dispositive Pretrial Order of a Magistrate Judge, Dkt. No. 246, consistent with this Court's order.

**IT IS SO ORDERED.**

Dated: 9/4/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California