United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

TODD CROWDER, et al.,
Plaintiffs,
v.
LINKEDIN CORPORATION,
Defendant.

Case No. 22-cv-00237-HSG (LB)

**DISCOVERY ORDER**

Re: ECF No. 285

**INTRODUCTION**

This is a putative antitrust class action about the market for professional social networking. After a court-ordered meet-and-confer on September 9, 2026, the parties are at an impasse on three discovery issues: (1) whether LinkedIn must run a generative-AI search string across four custodians' files and produce responsive documents, (2) whether LinkedIn must produce unredacted or less-redacted versions of two produced documents that it clawed back as privileged, and (3) whether Keith Pradhan's deposition should be reopened.[1] Fact discovery closes on September 18, 2026.[2]

[1] Disc. Letter Br. – ECF No. 284-3 at 1–6 (sealed brief); *see* Disc. Letter Br. – ECF No. 285 at1–6 (redacted, public brief). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Scheduling Order – ECF No. 143.

The case was referred to the undersigned for discovery.[3] The court can decide the dispute without oral argument, Civil L.R. 7-1(b), and rules as follows.

The plaintiffs' motion to compel LinkedIn to run the generative-AI search string across four custodians (Ora Levit, Gyanda Sachdeva, Suhil Srinivas, and Erran Berger) and produce responsive documents hitting on the search string is granted. The search string targets relevant documents responsive to RFP Nos. 25 and 26. LinkedIn must complete its production of responsive documents by September 16, 2026, contingent on fact discovery closing on September 18.[4] The plaintiffs' separate request to reopen depositions based on any newly-produced documents hitting on the search string is denied without prejudice; the plaintiffs may renew the request upon a witness-specific showing of good need.

The plaintiffs' motion to compel unredacted or less-redacted versions of the two documents clawed back by LinkedIn (LI_CROWDER_00268958 and LI_CROWDER_00417219) is denied without prejudice. The plaintiffs may renew their motion by submitting the documents to the court for *in camera* review, which LinkedIn does not oppose.

The plaintiffs' motion to reopen Mr. Pradhan's deposition is granted. The plaintiffs may examine Mr. Pradhan for one hour, remotely, with examination limited to any non-privileged discussions he had with counsel regarding his testimony during breaks at his August 24, 2026, deposition. Going forward, counsel for both parties are not to confer with witnesses regarding the substance of their testimony during a deposition, on break or otherwise, excepting discussions about whether any testimony is privileged.

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the

---

[3] *See* Docket.

[4] The parties represent that they are in the process of finalizing a stipulation to extend the deadlines in this case, including the close of fact discovery. Disc. Letter Br. – ECF No. 284-3 at 3 n.2. If the close of fact discovery is extended, LinkedIn's deadline to complete production of responsive documents to the generative-AI search string will be extended to September 23, 2026.

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). The court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

## ANALYSIS

### 1. The Generative-AI Search String

#### 1.1 The Issue and the Parties' Positions

The plaintiffs' RFP Nos. 25 and 26 seek documents on LinkedIn's use of data, machine learning, and inference.[5] On July 1, 2026, the court ordered LinkedIn to run the plaintiffs' proposed search terms for RFP Nos. 25 and 26 against four custodians (Ora Levit, Gyanda

[5] Disc. Letter Br. – ECF No. 284-3 at 1.

Sachdeva, Suhil Srinivas, and Erran Berger), provide hit counts, and meet and confer regarding potential narrowing of the proposed terms.[6] On July 9, LinkedIn provided hit counts, agreed to produce documents hitting on two of the plaintiffs' five search strings, and asked the plaintiffs to narrow the remaining three.[7] On July 15, the plaintiffs proposed four new search strings, and LinkedIn ultimately agreed to produce responsive documents hitting on three of them (rejecting the fourth). LinkedIn represents that it has begun reviewing responsive documents for the five search strings it has agreed to, with rolling productions to begin the week the letter brief was filed (September 9, 2026).[8] LinkedIn has not provided an expected completion date for these productions.[9]

The parties are now at an impasse on a single search string, which the plaintiffs proposed on July 15 and LinkedIn rejected: ("generative AI" OR GenAI OR LLM OR copilot OR GPT OR OpenAI) w/15 (LinkedIn OR Premium OR member! OR data) (the generative-AI search string).[10] The plaintiffs contend that this search string is narrowed from a previous search string they proposed and that it is the sole AI-related search string in a case where, they argue, "AI plays a central role."[11] The plaintiffs move to compel LinkedIn to run the disputed search string across its four custodians' files and complete its document production for the disputed search string by September 16, 2026. The plaintiffs also seek leave to reopen the deposition of any witness whose documents are produced in response to RFP Nos. 25 and 26, for the limited purpose of examining the witnesses about those documents.[12]

LinkedIn opposes the request. It contests the plaintiffs' characterization of the generative-AI search string as a narrowing of a previous string because the only terms that overlap are

[6] Order – ECF No. 202 at 11.

[7] Disc. Letter Br. – ECF No. 284-3 at 3.

[8] *Id.*

[9] *Id.* at 1.

[10] *Id.* at 1, 4.

[11] *Id.* at 1.

[12] *Id.* at 3.

"LinkedIn," "Premium," and "member*."[13] It argues that it has agreed to five search strings for RFP Nos. 25 and 26, has commenced rolling productions for the same, and that the disputed search string is overbroad, unduly burdensome, and disproportionate to the needs of the case.[14] It contends that the plaintiffs' request to reopen depositions based on future productions should be denied because they cannot show "good need" to reopen any deposition where they had "ample opportunity to obtain the information by discovery."[15]

**1.2 Analysis**

The generative-AI search string targets relevant documents. The court has previously recognized that the alleged Data, Machine Learning, and Inference Barrier to Entry (DMIBE) is central to the plaintiffs' theories of liability, and it recognized that both RFP Nos. 25 and 26 target relevant documents concerning LinkedIn's "use of" data, machine learning, and inference.[16] The generative-AI search string targets documents that bear on these subjects. That the operative complaint does not name generative AI or the AI platforms listed in the disputed search string is not dispositive: as LinkedIn itself recognizes, the DMIBE arises from LinkedIn's data assets, machine learning infrastructure, and inferential data, which includes both internal and external AI tools and LLMs.[17] And the requested discovery is not overbroad; it is inherently limited by the fact that it will only be applied to the documents of four custodians, all of whom were previously identified as having insight into LinkedIn's use of data and AI.[18]

LinkedIn's burden objections are overruled. Three of the four custodians are within the same organization and, according to the plaintiffs, the existing production shows that they share many communications. It is thus a reasonable assumption that with deduplication, the hit count for the

---

[13] *Id.* at 3 n.1; *see also* Disc. Letter Br. – ECF No. 177-1 (listing original search strings).

[14] Disc. Letter Br. – ECF No. 284-3 at 3–4, 6.

[15] *Id.* at 3–4 (quoting *Bookhamer v. Sunbeam Prods. Inc.*, No. C 09–6027 EMC (DMR), 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012)).

[16] Order – ECF No. 202 at 10; *see also id.* at 8 (quoting RFP Nos. 25–26).

[17] Disc. Letter Br. – ECF No. 284-3 at 4.

[18] Order – ECF No. 202 at 10 n.40 (discussing the four custodians).

generative-AI search string will be lower than the current sum total of 25,872 documents.[19] LinkedIn has undertaken review of larger hit populations in this case.[20] Plus, LinkedIn has not provided any specific reasons why the requested review is unduly burdensome, such as projected costs or estimated time for review. *Humanmade v. SFMade*, No. 23-cv-02349-HSG (PHK), 2024 WL 3378326, at *3 (N.D. Cal. July 10, 2024).

The plaintiffs' motion to compel production is granted. LinkedIn must run the generative-AI search string across the four custodians (Levit, Sachdeva, Srinivas, and Berger) and produce responsive documents by September 16, 2026.[21]

The plaintiffs' separate request to reopen depositions based on any newly-produced documents responsive to RFP Nos. 25 and 26 is denied without prejudice. While the court has discretion to reopen a deposition, it generally will not do so "absent a showing of good need." *Tapestry, Inc. v. Last Brand, Inc.*, No. 25-CV-03082-JST (KAW), 2026 WL 1108693, at *1 (N.D. Cal. Apr. 23, 2026) (quoting *Bookhamer v. Sunbeam Prods.*, No. C 09-6027 EMC, 2012 WL 5188302 at *2 (N.D. Cal. Oct. 19, 2012)). The plaintiffs may renew their request upon a witness-specific showing of good need after LinkedIn completes its generative-AI document production.

**2. Clawback Challenges**

The plaintiffs challenge two documents that LinkedIn has clawed back based on privilege. The first (LI_CROWDER_00268958) redacts two pages concerning a meeting "pre-read" from a non-attorney, was sent to a mass-distribution list, and is described on LinkedIn's privilege log as a "[m]emorandum containing legal advice regarding regulatory compliance."[22] The second

---

[19] Disc. Letter Br. – ECF No. 284-3 at 1 (making this point).

[20] *Id.* at 2.

[21] If the close of fact discovery is extended, LinkedIn's deadline to complete production of responsive documents to the generative-AI search string will be extended to September 23, 2026. *See supra* n.4.

[22] Disc. Letter Br. – ECF No. 284-3 at 2.

United States District Court
Northern District of California

(LI_CROWDER_00417219) is a draft presentation from 2015; LinkedIn redacted two bullet points in the document because they contain legal advice.[23]

The plaintiffs request that the court conduct an *in camera* review of the two documents and order their production in unredacted or less-redacted form. They contend — based on the context of the documents, their descriptions, and who they were sent to — that LinkedIn's redactions are overbroad and "potentially" sweep in non-privileged material.[24]

LinkedIn does not oppose the request for *in camera* review. It contends that each clawback is supported: the redacted content contains privileged communications, was prepared by (or at least involved) counsel (as denoted by privilege headers, e.g., "A/C Privileged & Confidential – Reflects Advice of EU Outside Counsel – DRAFT"), and each document is identified on LinkedIn's privilege log.[25]

Neither of the challenged documents have been provided to the court. Without them, the court cannot determine whether the documents and their redacted contents are privileged. The plaintiffs' motion to compel unredacted or less-redacted versions of the two documents (LI_CROWDER_00268958 and LI_CROWDER_00417219) is therefore denied without prejudice. The plaintiffs may renew their motion by submitting the documents to the court for *in camera* review, which LinkedIn does not oppose.

**3. Keith Pradhan's Deposition**

**3.1 The Issue and the Parties' Positions**

On August 24, 2026, the plaintiffs deposed Keith Pradhan.[26] During his deposition, Mr. Pradhan stated that he had discussed his testimony with counsel during breaks. According to the plaintiffs, LinkedIn's counsel instructed Mr. Pradhan not to answer questions concerning the

[23] *Id.*

[24] *Id.* at 2–3.

[25] *Id.* at 5.

[26] *Id.* at 2.

substance of those discussions.[27] According to LinkedIn, Mr. Pradhan confirmed on the record that his testimony was his own and not influenced by counsel.[28] The parties have not provided the court with a copy of the deposition transcript.

The plaintiffs argue that LinkedIn's conferences with Mr. Pradhan and subsequent privilege instructions were improper: the on-break discussions were not about whether any testimony was privileged.[29] The plaintiffs request that Mr. Pradhan's deposition be reopened for the limited purpose of allowing examination on what he discussed with counsel during breaks. They also seek an order directing LinkedIn's counsel to refrain from discussing with witnesses the substance of their testimony during depositions, except to evaluate privilege.[30]

LinkedIn responds that there is no basis to reopen Mr. Pradhan's deposition or to so restrict LinkedIn's counsel: the conferences were proper (with no local rule or protocol barring such conferences), no question was pending (making it appropriate for Mr. Pradhan to confer with counsel), its privilege instructions were proper, and the plaintiffs identify no substantive prejudice (they identify no instance in which his testimony changed or was inconsistent following a break).[31]

### 3.2 Analysis

Though there is no on-point Ninth Circuit precedent or local rule, courts in this district hold that it is "improper for a witness and her attorney to discuss the substance of her testimony during breaks in a deposition," except to discuss whether any testimony is privileged. *Barajas v. Abbott Labs., Inc.*, No. 18-cv-00839-EJD (VKD), 2018 WL 6248550, at *4 (N.D. Cal. Nov. 29, 2018); *accord In re Cathode Ray Tube (CRT) Antitrust Litig.*, No 14-cv-2058-SC, 2015 WL 12942210, at *3 (N.D. Cal. May 29, 2015). The court applies that rule here: to the extent that Mr. Pradhan

---

[27] *Id.* (citing Pradhan Tr. 94:5–95:1, 203:21–209:20).

[28] *Id.* at 5 (citing Pradhan Tr. 94:5–95:1).

[29] *Id.* at 2.

[30] *Id.* at 2.

[31] *Id.* at 4–6.

discussed the substance of his testimony with LinkedIn's counsel during his deposition, with the exception of questions about privilege, such discussions were improper.

LinkedIn relies on *In re Stratosphere Corp. Sec. Litig.*, an out of district case, to argue that a witness can confer with counsel during breaks in the deposition as long as no question is pending.[32] While *In re Stratosphere* does not preclude attorneys from conferring with their clients during depositions, it does not stand for the proposition that, absent a pending question, counsel may have unfettered discussions with their client-witnesses: "[w]hat this Court, and the Federal Rules of Procedure seek to prevent is coaching the witness by telling the witness what to say or how to answer a specific question." 182 F.R.D. 614, 621 (D. Nev. 1998). The plaintiffs are entitled to explore the bounds of Mr. Pradhan's on-break discussions with counsel to confirm that his testimony was not so influenced by counsel.

Without the deposition transcript, the court cannot fully evaluate the merits of LinkedIn's privilege instructions to Mr. Pradhan. But to the extent that LinkedIn instructed Mr. Pradhan to not answer questions about the generic identifying facts of his on-break discussions with counsel, those instructions were improper: the underlying facts of such discussions are not privileged. *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129–30 (9th Cir. 1992).

The plaintiffs' motion to reopen Mr. Pradhan's deposition is granted. The plaintiffs may examine Mr. Pradhan for one hour, remotely, with examination limited to any non-privileged discussions he had with counsel about his testimony during breaks at his August 24 deposition. Counsel for both parties are directed to not confer with witnesses regarding the substance of their testimony while a deposition is ongoing, excepting discussions about whether any testimony is privileged.

**4. Other Discovery Items**

The plaintiffs represent that the parties have reached compromises on certain discovery issues, contingent on future productions and other follow-up actions, and that LinkedIn has stated that it

---

[32] *Id.* at 5 (citing *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 621 (D. Nev. 1998)).

will produce responsive Rule 30(b)(6) testimony at a later date (it did not appear or produce a witness on September 8, 2026).[33] The court does not rule on the Rule 30(b)(6) deposition or any other discovery issues other than those addressed in this order.

## CONCLUSION

This resolves ECF No. 285.

**IT IS SO ORDERED.**

Dated: September 10, 2026

LAUREL BEELER
United States Magistrate Judge

[33] *Id.* at 3.